[Civil No. 4104.   Filed December 18, 1939.]

[97 Pac. (2d) 204.]

Dr. W. F. HAAS and SYLVESTA TUCKER, Appellants, v. G. C. MORROW and Mrs. G. C. MORROW, His Wife, Appellees.

Mr. A. Van Wagenen, Jr., Messrs. Dougherty & Dougherty and Mr. Virgil W. Chandler, for Appellants.

Mr. Tom Fulbright and Mr. F. Preston Sult, for Appellees.

LOCKWOOD, J.—G. C. Morrow and Mrs. G. C. Morrow, hereinafter called plaintiffs, brought suit against W. F. Haas and Sylvesta Tucker, hereinafter called defendants, to recover damages for injuries suf-

fered by plaintiffs as a result of the alleged negligent operation of an automobile by defendant Tucker. The case was tried to a jury which returned a verdict in favor of plaintiffs, and from the order overruling the motion for new trial and the judgment, this appeal was taken.

■■ There are a number of assignments of error, but they raise in effect but one question, and that is whether the evidence sustains the verdict and judgment. In order to determine this, it is necessary that we should review the evidence briefly, so far as it is necessary, and then apply to it the rules of law which we have so often reiterated govern an appeal on this ground. They are that we will not weigh the credibility of the witnesses nor a conflict in the testimony, and if there is any substantial evidence from which a reasonable man could have found the ultimate facts to be such as to sustain the verdict, we will affirm the judgment. We have held this so often that it is unnecessary to give any citations supporting it.

The allegations of the complaint on the question of negligence are, in substance, that defendant Tucker (a) was driving at a high and dangerous rate of speed having regard to the conditions then and there existing, (b) wholly failed to slow down or slacken the speed of the automobile when her vision was obstructed by a cloud of dust, (c) was driving on the wrong side of the road, (d) failed to keep a proper lookout for other automobiles on the highway, and (e) failed to sound any warning of her approach.

■ The undisputed facts of the case are as follows: Plaintiffs were traveling in an automobile southerly from Coolidge towards Tucson. During all the time after they left Coolidge they had kept from two to three hundred feet to the rear of a large truck which was proceeding in the same direction. About twelve miles south of Coolidge the highway department had

been regrading the shoulders adjacent to the paved portion of the road, and in so doing had thrown a considerable amount of fine dirt upon the pavement. When the truck reached this place, its wheels threw a great deal of dust into the air, and this dust was driven by the wind across the eastern side of the highway in so great a quantity that it was impossible to see through it. Plaintiffs, however, who were on the western side of the road, could at all times see the rear of the truck which was ahead of them. The car of defendant Haas, which was being driven by Sylvesta Tucker, was coming from Tucson towards Coolidge, and when it was almost up with the truck, which was approaching from the opposite direction, the cloud of dust above referred to was thrown into the air, and defendants' car ran into it. So far there is no dispute, but as to what happened thereafter there is a decided conflict in the testimony. Plaintiff G. C. Morrow states that almost immediately after the dust arose, and while he was proceeding on the western side of the road at a rate of thirty to forty miles an hour, he saw defendants' car emerging from the dust and angling across the road from the east to the west side; that he immediately threw on his brakes, which were in excellent condition, in order to avoid the collision which appeared inevitable and swung to the east, believing that to be the best chance of averting the accident, but the two cars collided, defendants' car being at the time of the collision at least partly over the center of the roadway on the western side. This testimony was corroborated in some particulars by Mrs. Morrow, and by highway department workmen who did not see the actual collision but heard it and arrived at the scene of the accident within a very few minutes. Was this evidence sufficient to justify the jury, in the absence of anything further, in believing that defend-

ant Tucker's negligent operation of the car was the proximate cause of the accident?

There is but one of the alleged acts of negligence set forth in the complaint which it would tend to prove, and that is that defendant Tucker was driving upon the wrong side of the road. Sections 1592 and 1593, Revised Code of 1928, read, respectively, in part as follows:

"*Drive on right side of highway.* Upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway. . . ."

"*Meeting or overtaking vehicles.* Drivers of vehicles proceeding in the opposite directions shall pass each other to the right, each giving the other at least one-half of the main traveled portion of the roadway as nearly as possible. . . . "

These two sections of the statute are but legislative enactment of what is probably the best known and the most universal rule of the road in all parts of the United States. While the statutory rules of traffic are numerous, and many of them are little known as a matter of fact to the average driver, we think it is safe in saying that there are few drivers of cars in the United States who do not know that it is their duty to keep to the right hand side of the highway, and to pass cars going in the opposite direction on the right. Since a failure to observe this rule violates both universal custom and statutory enactment, and is one of the principal causes of automobile accidents, we think that a reasonable man might well find that if in a collision of two automobiles A was on the wrong side of the road, his act in being there was a proximate cause of the accident and was negligence. It is, of course, true that there are some circumstances under which it would not be negligence for a driver to be on the left hand side of the center of the road, but in the absence

of any evidence of such circumstances, we think a jury might reasonably infer they did not exist, and even if evidence of that nature is offered, it is for the jurors to determine whether they believe it. We are compelled to hold, therefore, that there is evidence in the case from which a jury might reasonably have inferred that the proximate cause of the accident was the negligence of defendants in being on the wrong side of the road at the time of the collision.

It is true that defendants offered evidence from which the jury might have found that the negligence of plaintiff G. C. Morrow contributed to the accident. This, however, at the most would raise the issue of contributory negligence, and under a long line of decisions we have held that this is a question for the jury at all times. This issue was submitted to the jury under proper instructions by the court and was found against the defendants by the verdict.

Since there was sufficient evidence in the record from which a reasonable man could have found that the negligence of defendants was a proximate cause of the accident, and since the jury, under proper instructions, found that the negligence of plaintiffs did not contribute to the accident, the evidence sustained the verdict and judgment, and it is affirmed.

ROSS, C. J., and McALISTER, J., concur.