231 P.2d 752

**CURLEE et al. v. MORRIS.**

No. 5275.

Supreme Court of Arizona.

May 28, 1951.

Rehearing Denied June 19, 1951.

Theodore G. McKesson, Thomas P. Rior-
·dan, and James D. McKesson, all of Phoe-
nix, for appellants.

Jack C. Cavness, of Phoenix, for appel-
lee.

DE CONCINI, Justice.

Georgia Morris, plaintiff-appellee, was
·injured while riding as a passenger in·a
taxicab driven by Albert McManis and
owned by Arthur Curlee doing business as
the Yellow Cab Company, both defendants-
appellant. While traveling westward on
Jefferson Street in Phoenix, Arizona, the
cab was struck by an automobile traveling
eastward on that street driven by one Sim-
proso Rafal. Rafal was thereupon arrested
and later convicted· of reckless driving.
Plaintiff brought an action alleging negli-
gence against McManis, Curlee, and Rafal.
McManis and Curlee answered and cross-
claimed against Rafal who failed to answer
either plaintiff's complaint or defendants'
cross-claim. Rafal failed to appear at the
trial and the court entered a default against
him as to both the complaint and the cross-
claim. At the close of the argument the
court directed a verdict against Rafal in
favor of appellants on their cross-com-
plaint. The jury returned a verdict in fa-
vor of the plaintiff against the three ·de-
fendants; appellants filed a motion for·
judgment notwithstanding the verdict, or
in the alternative a motion for a new trial.
From a denial of those motions appellants
bring this appeal.

Appellants' assignments of error can all
be relegated to the question of the suffi-
ciency of the evidence to permit the case to
go to the jury and to sustain a verdict in
favor ·of the plaintiff.

Upon a review of the record it is patent
that, at least quantitatively, the evidence
favors the defendants. McManis and sev-
eral police officers testified that Rafal had
driven his car over to the left side of the
road north of the center line and into the

path of the on-coming cab, and that Mc-Manis swerved to the left immediately before the impact in an attempt to avoid a head-on collision. The trial court pointed out, "That there may be some evidence there that justified submission to the jury, but it is very thin. * * *" The evidence to which the court was undoubtedly referring was the testimony of Mr. C. F. Love, a fellow passenger of the plaintiff in the cab. Love testified that McManis was traveling at a speed of from 40 to 45 miles per hour, that Rafal was not driving completely on the left side of the road, and that McManis turned the cab to the left directly in the path of the approaching car driven by Rafal. As "thin" as this evidence may be, the trial court evidently felt that reasonable men could differ in their conclusions and that they might find negligence on the part of McManis therefrom. With that in view the trial court refused to grant defendants' motion for a directed verdict or judgment n. o. v.

In reviewing the evidence, and we must take it in the light most favorable to the plaintiff, we believe that there was sufficient evidence to sustain the verdict; therefore the trial court did not err in submitting the case to the jury. In deciding the question of the sufficiency of the evidence to sustain the verdict this court said in the case of Haas v. Morrow, 54 Ariz. 455, 97 P. 2d 204, "* * * In order to determine this, it is necessary that we should review the evidence briefly, so far as it is necessary, and then apply to it the rules of law which we have so often reiterated govern an appeal on this ground. They are that we will not weigh the credibility of the witnesses nor a conflict in the testimony, and if there is any substantial evidence from which a reasonable man could have found the ultimate facts to be such as to sustain the verdict, we will affirm the judgment. We have held this so often that it is unnecessary to give any citations supporting it."

Counsel for appellants contend that by directing a verdict in their favor against defendant Rafal, the trial court impliedly found that Rafal was guilty of gross and wanton negligence. Their contention is based on the argument that since plaintiff's complaint alleges negligence on the part of McManis, if Rafal were guilty of simple negligence only, then the question of contributory negligence would arise between Rafal and McManis; and, under our constitution, would of necessity require a jury determination. In that event, it is argued, the court could not direct a verdict against Rafal in favor of appellants; since the trial court did direct such verdict, and since the fact that Rafal was negligent to some degree is obvious, the court must have found him to be grossly and wantonly negligent; and in that event contributory negligence on the part of McManis would not be a defense to Rafal against appellants on their cross-claim. Conceding appellants' argument, we fail to see how it aids their cause. The fact that defendant Rafal was guilty of gross and wanton negligence does not re-

128

lieve appellants of liability to the plaintiff if McManis was negligent, and the jury so found he was, and if such negligence contributed to the accident.

The rule governing this particular problem is laid down in 5 Am.Jur., Automobiles, Sec. 345, to wit: "* * * It is, of course, essential to the joint liability that both operators are negligent. But the parties may be sued jointly, although the degree of care which each owed the person injured was different. They may be sued jointly, notwithstanding there may exist a difference in the degree of liability or the quantum of evidence necessary to establish such liability. *So too, the fact that one was wanton and reckless and the other simply manifested want of ordinary caution does not prevent joint liability.*" (Emphasis supplied.)

In a case strikingly similar to the one at bar, Blackwell v. American Film Co., 48 Cal.App. 681, 192 P. 189, 190, and from which the above rule appears to have been gleaned, the California court pointed out: "* * * When the question arises between two parties, who are jointly charged with negligence, it is only necessary to show that both contributed to the injury, notwithstanding the fact that one may have been wanton and reckless and that the other simply manifested want of ordinary caution. * * *" See also Smith v. Schwartz, 14 Cal.App.2d 160, 57 P.2d 1386.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concurring.