341 P.2d 940

BUILDERS SUPPLY CORPORATION, an Arizona corporation, Appellant,

v.

Harold SHIPLEY, Appellee.

No. 6424.

Supreme Court of Arizona.

July 9, 1959.

Rehearing Denied Sept. 22, 1959.

Rawlins, Davis, Christy, Kleinman & Burrus, B. J. Rumsey, and Chester J. Peterson, Phoenix, for appellant.

W. H. Chester, Phoenix, for appellee.

JOHNSON, Justice.

Plaintiff-appellee instituted this action to recover a balance due for services rendered under a written contract dated June 22, 1948.

Plaintiff, Harold Shipley, was granted a permit as a licensed contract carrier by the Arizona Corporation Commission upon filing with it the contract in question. Defendant-appellant, Builders Supply Corporation, manufactured brick and concrete block, which were distributed to its customers through the services of independent truckers, such as the plaintiff.

The suit was based on that portion of the contract which concerned payment for hauls made outside of the designated "zone rate area". It provided:

> "Where the hauling will be done outside the above designated zone the rates will apply as follows, five cents (5¢) per ton mile on flat country and six cents (6¢) per ton mile in hilly or mountainous country."

The contract did not guarantee that any certain amount of bricks or block would be hauled by plaintiff's truck, nor did it specify how long it was to remain in effect.

Plaintiff was paid the rates provided in the contract for hauls made to various places throughout the state for several months after it took effect. Then, in March, 1949, defendant began paying plaintiff less than the amounts due according to the contract. This continued until the parties terminated their relationship in 1954.

The law applicable to agreements of this type is that where a contract for personal services contains no time limit it may be terminated by either party, thus leaving the parties free to enter into a new contract with different terms for the same services. Dover Copper Mining Co. v. Doenges, 40 Ariz. 349, 12 P.2d 288. Termination is, of course, a question of fact.

■■ Defendant contends that the verdict in favor of the plaintiff, of $10,304.20, was not supported by the evidence. This court will not disturb a verdict where there is any substantial evidence to support it, nor will it substitute its judgment for that of the jury as to the weight of the evidence or the credibility of witnesses. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169; Haas v. Morrow, 54 Ariz. 455, 97 P.2d 204. Here there was sufficient evidence upon which to base a verdict in favor of the plaintiff.

The evidence showed that the defendant had commenced paying the individual contract haulers under flat dray rates of so much per ton to each of the different out-of-town locations. The plaintiff turned in material cards after each run, containing the invoice number, contents of the load and destination. His wife, who kept his records, also put on the material cards the amount which would be paid according to the dray rates, when she knew what it would be.

Plaintiff maintained that he had never received any notice of the termination of the contract; that the reason given by defendant for his "short" checks was that it was "all we can pay right now"; that the material cards were not intended to represent the full amount due him; that he had often complained to defendant that he was not being paid the full amount under his contract; and that there were in fact no true agreed dray rates, pointing out that the rates per ton paid him by defendant for different trips to the same destination, even on the same day, often varied.

Defendant maintained that it had terminated the contract and that it had then commenced paying plaintiff on the basis of new dray rates as they were agreed upon from time to time. Its theory seemed to be that the parties had agreed to a new payment basis, thus implying a termination of the original contract.

The jury was properly instructed that the contract could be modified or terminated orally, and that such could be implied from the conduct of the parties. They were also instructed that if the payments made by defendant were based on the material cards submitted by plaintiff as full payment, and were accepted as such, that they must find for defendant.

■ Defendant contends that his proposed instruction number five was improperly refused by the trial court. The proposed instruction was improper as it assumed one of the facts in issue, namely, whether the amounts computed on the material cards represented the full amount due plaintiff for his services. The trial court properly refused it.

■ Defendant also contends that the argument to the jury by the attorney for

plaintiff caused it to return a verdict which was the result of passion and prejudice. Upon a study of the transcript it does not so appear to us. Also, upon a motion for new trial, this matter was presented to the trial court, which heard the statements in issue and observed the demeanor and actions of counsel. We will not in this case disturb its decision on the matter.

Defendant now contends that a number of theories, such as estoppel and waiver, should preclude plaintiff's recovery. Whatever the merits of their application to the facts, it does not appear that these theories were properly presented to the trial court. Defendant had several instructions which were withdrawn before they could be ruled on by the court, and he requested no instruction at all on estoppel.

Defendant assigns as error the admission into evidence of plaintiff's exhibit "B". This was the accounting which listed the hauls on which plaintiff alleged he was underpaid, with the invoice numbers, weight, destination, amount due according to the contract, the amount paid, and the alleged balance due.

Plaintiff testified that he had turned the original material slips in to the defendant, keeping a notation of the information thereon, which was a part of the accounting prepared by his wife under his supervision. This exhibit was material only in showing which hauls were involved, which was not a disputed factor. Under A.R.S. § 12–2262 and Rule 44(q) of the Rules of Civil Procedure, 16 A.R.S., the trial court has great discretion concerning the admission of records kept in the course of business. The court made full inquiry into the circumstances surrounding the exhibit, and we do not feel that its admission into evidence was an abuse of discretion.

Lastly, defendant contends that the six-year statute of limitation on actions for debt, founded upon a contract in writing executed within the state, was a bar to this suit. A.C.A.1939, § 29–205 (now A.R.S. § 12–548). Plaintiff's first check for less than the amount stipulated in the contract was received for hauls made in March, 1949. This suit was filed on February 23, 1955, less than six years later. The statute did not bar any part of plaintiff's claim.

No reversible error having been committed, the judgment of the trial court is affirmed.

PHELPS, C. J., and STRUCKMEYER and UDALL, JJ., concurring.

BERNSTEIN, J., did not participate.