360 P.2d 596

**O. J. BECKWITH and Estella Beckwith, husband and wife, Appellants,**

**v.**

**CLEVENGER REALTY CO., a corporation, Appellee.**

**No. 6773.**

Supreme Court of Arizona.

March 22, 1961.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by Charles A. Stanecker, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

The Clevenger Realty Co., appellee herein, brought this action against O. J. Beckwith and Estella Beckwith, appellants, seeking to recover a real estate commission. The cause was tried to the court and judgment was entered for appellee in the amount of $2,200. Appellants' motion for a new trial was denied and this appeal followed.

Briefly stated, the facts are that the appellants were owners of a dairy farm near Buckeye, Arizona, together with livestock and machinery. For health reasons appellants decided to sell the property as a "package" and gave the appellee company an exclusive listing which was to run until November 1, 1956. The testimony reveals that both appellants and appellee were of the impression that the listing was for the entire property including cattle and machinery. Appellee admitted it was his understanding that appellants did not wish to "move" the property unless everything was sold as a "package". For some years, George Crowe, the owner of land on both sides of this property had expressed to appellants an interest in purchasing the farmland should they ever sell the land and equipment separately. Appellee broker proceeded to contact George Crowe during the period of the exclusive listing and obtain an offer which was $18,000 less than the listed price. This offer was submitted to the appellants who requested that the name of the offeror be given. Appellee refused to divulge the name of the offeror. A counter-offer was made which was rejected and thereafter appellee made no further efforts to effect a sale between appellants and Crowe.

On February 14, 1957, Crowe approached appellants with an offer of $44,000 for the land alone. Prior to this date appellants had sold their livestock. On February 16, 1957 appellants gave written notice to appellee that the listing was terminated. On this same date an agreement for the sale of the land for $44,000 was executed by appellants and Mr. and Mrs. Crowe. Shortly thereafter appellee commenced this suit for commissions. During the course of trial and again when appellee rested its case, appellant moved for leave to file an amended answer to allege as an additional defense that plaintiff acted in bad faith in its representation of appellants and was not, therefore, entitled to any commission. The motion was denied.

▪ The determination of a motion for a trial amendment to conform to the proof is within the sound discretion of the trial court. Rule 15(b) Rules of Civil Procedure, 16 A.R.S. It has been repeatedly held that amendments of pleadings to conform to the evidence should be liberally allowed in the interest of justice. Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375, and Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262.

The issue of bad faith was brought out on cross-examination of both appellee-broker and the ultimate purchaser, George Crowe, without objection. Thus, the factual question of bad faith was tried by consent of both parties. The requested amendment would not have altered the theory of the case. It was still an action to recover a broker's commission and plaintiff's objection did not assert surprise, only that:

"* * * there is no evidence in this record which would justify the admissibility now of a defense to this action which is not already been [sic] pleaded in the answer filed heretofore."

Appellants assert that there was evidence of bad faith before the court. Among other things they point to the testimony that appellee induced the prospective purchaser, Crowe, to make an offer lower than that proposed in the listing and further that appellee revealed to Crowe that seller's health was bad and he was anxious to sell the property. George Crowe testified on cross-examination:

"Q. I believe that you testified Mr. Crowe, that when Mr. Geare first contacted you that the price that he said Mr. Beckwith wanted for the entire place was $68,000, is that right? A. Yes.

"Q. And that you were not interested in that both from the price standpoint and the fact that you didn't want the cattle, is that right? A. That's right.

"Q. And am I further correct that in spite of that Mr. Geare insisted and asked that you make an offer? A. Yes.

"Q. Stating that Mr. Beckwith, was, his health was bad that he wanted to sell, is that right? A. Yes."

This was not contradicted by appellee's agents.

Notwithstanding that the right to amend is discretionary with the trial court, we think the amendment should have been permitted. Neither party was surprised nor could have been prejudiced by its allowance since Crowe testified without objection. The issue of bad faith being tried by implied consent of the parties the amendment should be and will be treated as if made. Leigh v. Swartz, supra, Gilliland v. Rodriquez, 77 Ariz. 163, 268 P.2d 334.

This Court has recently discussed the effect of disclosing to a prospective purchaser by a broker of his client's anxiety to sell. In Haymes v. Rogers, 70 Ariz. 257, 219 P.2d 339, 340, 17 A.L.R.2d 896 we said:

"* * * As a general rule an agent knows through his contacts with his principal, how anxious he is to sell and whether or not the principal will accept less than the listed price. To inform a third person of that fact is a clear breach of duty and loyalty owed by the fiduciary to his principal. Such misconduct and breach of duty results in the agent's losing his right to compensation for services to which he would otherwise be entitled. * * *"

This case is similar to the Haymes decision and in some respects even stronger. By injecting the health factor in the negotiations for the listed property appellee-broker violated his duty to the seller. He placed the seller at a disadvantage by re-

vealing that seller wished to sell quickly for reasons of health. We hold without regard for other questions presented that appellee is precluded from recovery of the commissions sought.

The judgment is reversed with directions that a judgment be entered in favor of appellants denying appellee any relief.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.