381 P.2d 755

**ELECTRICAL ADVERTISING, INC.,
an Arizona corporation, Appellant,**

v.

**Ken SAKATO, Appellee.**

No. 7198.

Supreme Court of Arizona.

En Banc.

May 22, 1963.

Hash & Bernstein, Phoenix, for appellant.

Cox & Cox, and Marion R. Smoker, Phoenix, for appellee.

JENNINGS, Justice.

This is an appeal by Electrical Advertising, Inc. (plaintiff) from a judgment against it and in favor of Albert Ken Sakato (defendant).

In March 1959 the parties entered into a written agreement whereby the defendant leased from plaintiff a double-faced electrical neon sign reading "Ken Sakato Cut Flowers Vegetables Fruit" which plaintiff agreed to construct, install and maintain at its own expense. Defendant agreed to furnish and connect suitable electric current to the display and to pay for the elec-

trical energy used. Defendant also agreed to pay a rental of $34.50 per month for 36 months, and upon signing the agreement paid $69 for the last two months of the term. The lease provided that in the event defendant breached any of the provisions thereof plaintiff could declare the balance of all payments due and payable.

The display was subsequently erected on defendant's premises. Defendant furnished wiring and electricity from his building to the display but electricity was never connected to the sign and defendant made no further rental payments.

In November 1959 plaintiff declared all rental payments due and brought suit to recover them. Defendant counterclaimed, demanding return of the $69 and removal of the sign, alleging that plaintiff had failed to complete the sign and that it was inoperative, never having been connected to electricity. Defendant testified on direct examination that there were no wires leading from the sign to which electric current could be connected. Ben Mower, president of plaintiff corporation, testified on cross-examination that there were wires hanging outside the sign to which electricity could be connected. The trial court found that plaintiff had breached its agreement and

gave judgment for the defendant as demanded.

Plaintiff argues that the only issue presented to the trial court by defendant was that plaintiff had not connected electricity to the sign, and that under the agreement it was not required to do so. Plaintiff further asserts that defendant's brief raises for the first time the issue that plaintiff had breached its agreement by failing to properly construct the sign.

We do not agree with plaintiff's latter contention. Defendant's counterclaim appears to have raised the issue of, improper construction of the sign.[1] However, even if it did not, Arizona Rule of Civil Procedure 15(b), 16 A.R.S. provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. * * *"

1. Defendant alleged:
"[A]lthough defendant has made numerous requests upon plaintiff to complete said sign and to maintain said sign, plaintiff has failed, refused and neglected to perform under the terms of the agreement and said display sign has been in and is in an unoperative condition, never having been connected to electricity, in order that the full use and benefit of said display sign could be made, though defendant has had on the premises electricity available to said sign."

When evidence is presented at trial which presents a new or different theory from that alleged in the pleadings, and the adverse party does not object to the introduction thereof, that issue is then tried by implied consent. Beckwith v. Clevenger Realty Co., 89 Ariz. 239, 360 P.2d 596 (1961); Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262 (1952). Failure to formally amend the pleadings will not affect a judgment based upon competent evidence. If an amendment to conform the pleadings to the proof should have been made, an appellate court will presume that it was so made to support the judgment. Comm'r v. Finley, 265 F.2d 885 (10th Cir., 1959); cf. Brooks v. Neer, 46 Ariz. 144, 47 P.2d 452 (1935).

■ The issue of improper construction of the sign was brought out without objection both on cross-examination of plaintiff's witness Mower and direct examination of defendant. The issue was therefore raised.

■ Plaintiff next asserts the evidence does not support a finding that it failed to properly construct the sign. The testimony on this point is obviously conflicting. However, a judgment based on conflicting evidence will not be disturbed, if there is reasonable evidence to support it when such evidence is considered most strongly in favor of the appellee and in support of the result of the trial court. Holaway v. Realty Associates, 90 Ariz. 289, 367 P.2d 643 (1961).

■ The evidence is sufficient to support a finding that defendant furnished electrical current to the sign but was prevented from connecting it to the sign because there was no outlet to which it could be connected. One who leases chattel for a particular purpose impliedly warrants that the chattel is reasonably fit for that purpose, provided the lessee has not had an opportunity to inspect the chattel and has relied upon the lessor's skill and judgment. Marcos v. Texas Co., 75 Ariz. 45, 251 P.2d 647 (1952); Schmidt-Hitchcock Contractors v. Dunning, 38 Ariz. 360, 300 P. 183 (1931). As this was an electrical sign, it was necessary that it be constructed in such a manner that electric current could be connected to it. Plaintiff knew the purpose for which the sign was intended, i. e., an electrically lighted neon advertising display. It was constructed according to plaintiff's own design and plans and defendant had no opportunity to inspect it prior to its delivery. Therefore, he had a right to rely upon plaintiff's skill and judgment to construct the sign properly for its intended purpose. Failure to provide an electrical connection constituted an inherent defect in the construction of the sign and was a breach of the implied warranty of fitness for use as an electrical sign.

A breach of this implied warranty justified the defendant's repudiation of the lease agreement and recovery of damages in the amount of advance rental paid. Hatten

Mach. Co. v. Bruch, 59 Wash.2d 757, 370 P.2d 600 (1962).

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.