427 P.2d 154

Irving L. BAKER, Leslie N. Baker and Joy Baker, husband and wife, Appellants,

v.

SOUTH COAST LIFE INSURANCE COMPANY, a Texas corporation, Appellee.

No. 2 CA–CIV 147.

Court of Appeals of Arizona.
April 20, 1967.
Rehearing Denied May 12, 1967.
Review Denied June 13, 1967.

Johnson, Darrow, D'Antonio, Hayes & Morales, by Raymond F. Hayes, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by James L. Richmond, Tucson, for appellee.

HATHAWAY, Chief Judge.

Did the merger of a life insurance company constitute, as a matter of law, a withdrawal by that company from the state of Arizona? After the merger of two life insurance companies, did the surviving corporation assume the agency contract of the extinguished corporation? These questions are presented on this appeal from the judgment entered on a directed verdict against Leslie N. Baker and Joy Baker, husband and wife, and Irving L. Baker, plaintiffs in the trial court and appellants herein.

The Bakers had entered into a general life insurance agency contract with University National Life Insurance Company, a Tennessee corporation, which subsequently merged into South Coast Life Insurance Company, the appellee-defendant. The Bakers brought an action against the surviving corporation. In count one of their complaint, they sought a declaratory judgment, accounting, and injunction. In count two, damages for breach of contract were sought. In its direction of the verdict the trial court indicated its reliance upon paragraph twenty of the agency contract, which provided:

"The Company reserves the right to modify or cease to issue any form of policy and reserves the right to withdraw from any territory. The Company shall at all times have the right to reject any application for insurance without specifying the cause."

The merger agreement provided:

"The laws of Texas shall be applicable to this consolidation or merger, and shall govern the Surviving Corporation."

Vernon's Texas Statutes on merger or consolidation provide:

"Art. 5.06.  Effect of Merger or Consolidation of Domestic Corporations.

\*    \*    \*    \*    \*    \*

"(2) The separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease.

\*    \*    \*    \*    \*    \*

"(5) Such surviving or new corporation shall thenceforth be responsible and liable for all liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation."

The appellee has emphasized its position that the agency contract between University National and the appellants had been terminated and appellee is not liable to appellants for such termination. The appellee ackowledges the appellants' right to renewal commissions on University National policies sold prior to the merger. The appellee also recognizes its assumption of vested liabilities under the life insur-

ance policies of University National in effect at the time of merger.

 Under the merger agreement and the governing Texas statutes, the existence of University National ceased upon the merger. A more complete withdrawal from the state of Arizona by University National could hardly have been accomplished than its ceasing to exist. See Merchants' Life Ins. Co. v. Griswold, 237 S.W. 232 (Tex. Com.App.1922). Indeed, the appellants admit that University National ceased to exist immediately following merger, and was therefore no longer doing a life insurance business in Arizona. They contend, however, that when the merger became effective, South Coast took the place of University National by operation of law and therefore assumed the position in the agency contract previously held by University National. South Coast, they contend is transacting a life insurance business in Arizona and therefore cannot benefit by the withdrawal provision of the contract.

The broad protection reserved unto University National by paragraph twenty of the agency contract, obviates delving into the many interesting niceties related to the merger problem. The reservation of the right to "* * * cease to issue any form of policy * * *" and the reservation of the right to withdraw from any territory amply protects their successor under the contingencies presented.

 In support of their position, the appellants have cited a number of cases dealing with insurance agency contracts for a fixed term. Their holdings are not pertinent since the agency contract before us contains no provision for a specific term. Where no time limitation is provided, such a contract is generally terminable at the will of either party. Builders Supply Corp. v. Shipley, 86 Ariz. 153, 155, 341 P.2d 940 (1959); Dover Copper Mining Co. v. Doenges, 40 Ariz. 349, 357, 12 P.2d 288 (1932); 17A C.J.S. Contracts § 398. An exception arises where the agent has acquired a vested interest in the "thing

itself." The parties agree there is no problem concerning vested rights and obligations under existing policies.

We are of the opinion that the superior court judge properly directed the verdict against the appellants in favor of the appellee and the judgment is therefore affirmed.

MOLLOY and KRUCKER, JJ., concur.