486 P.2d 195

**Mary Joyce BARKER, Appellant,**

v.

**Pat JAMES, Appellee.**

**No. 1 CA–CIV 1280.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 28, 1971.

**84**

Minne & Sorenson by Harold E. Whitney, Phoenix, for appellant.

Carson, Messinger, Elliott, Laughlin & Ragan by Robert W. Holland, Phoenix, for appellee.

ROGER G. STRAND, Superior Court Judge.

In this case Mary Joyce Barker sued Pat James to recover compensatory and punitive damages for personal injuries received by the plaintiff as a result of an alleged assault and battery inflicted on her by the defendant. A counterclaim was filed also alleging assault and battery and seeking recovery of compensatory and punitive damages; however, the counterclaim was withdrawn on defendant's motion prior to the submission of the case for decision. The jury returned a verdict for the defendant from which the plaintiff appeals.

Hereafter we will refer to the appellant, Mary Joyce Barker as plaintiff, and the appellee, Pat James as defendant.

The situation which gave rise to this lawsuit was as follows: At near mid-day on April 24, 1964, plaintiff was watering her lawn and plants near the dividing line between her property and that of the defendant. Shortly thereafter, defendant who was in her front yard requested or demanded that plaintiff turn down or turn off the water because it was allegedly coming onto her property. An argument followed and thereafter defendant entered upon plaintiff's property intending to turn the water down or turn it off. A scuffle ensued and it was this physical contact which formed the basis for the complaint and counterclaim.

Plaintiff has raised the following questions on his appeal:

I. Whether the trial court committed error by instructing the jury on issues eliminated from the case and on the issue of self-defense.

II. Whether the trial court committed error by refusing to give plaintiff's requested instructions relating to the issue of punitive damages.

III. Whether the verdict is contrary to, or insufficiently supported by, the evidence.

IV. Whether the trial court committed error by failing, on its own initiative, to instruct the jury to disregard any and all evidence given in support of issues raised by the eliminated counterclaim and by failing to instruct the jury on the law regarding the effect on the case of the withdrawal of the counterclaim.

In addition to the foregoing, plaintiff initially contended that the trial court committed error in its instruction to the jury defining assault and battery. However,

in her reply brief, plaintiff acknowledged that the court was correct, thereby removing this issue from our consideration.

Plaintiff's first and fourth questions both relate to the issue of self-defense and the effect of the defendant's withdrawal of the counterclaim; accordingly, these assignments of error will be considered together. Plaintiff contends that the defense of self-defense, if raised at all by the defendant's counterclaim, was eliminated from the case when the counterclaim was dismissed by the court on motion of the defendant. Further, plaintiff contends that it was error to instruct the jury on the defense of self-defense and not to instruct it that this issue and the counterclaim had been removed from the case. We do not agree with these contentions of plaintiff because of the testimony presented at the trial and the effect of Rules 8(d) and 15(b) of the Rules of Civil Procedure, 16 A.R.S.

During the trial the defendant testified as follows in response to the question of whether she had landed any blows on plaintiff, "Only when she hit me in the bosom after she bent my knuckles back, I struck out at her, but I couldn't reach her. And I put my knee up in self-defense and then I covered by head and face with my hands." Further, plaintiff in her opening brief acknowledged that, "The counterclaim raised issues of justification and self-defense and evidence in support of these issues was admitted at the trial."

Rule 8(d) of the Rules of Civil Procedure provides in pertinent part:

"8(d) *Affirmative defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

Rule 15(b) of the Rules of Civil Procedure provides:

"15(b) *Amendments to conform to the evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The record reflects that the defendant moved only for dismissal of her counterclaim and at no time gave any indication of an intention to abandon the defense of self-defense which had been injected into the case, without objection, by the testimony of the defendant hereinabove referred to. The court's ruling on defendant's motion clearly referred only to dismissal of the counterclaim and included no mention of the self-defense issue. The court's ruling was consistent with the precise motion of defendant and in harmony with Rule 8(d) of the Rules of Civil Procedure which establishes that affirmative defenses are recognized for their substance, whether denominated as such or included in a counterclaim or other pleading. Thereafter, plaintiff made no motion to strike the testimony relating to self-defense and subsequently participated without objection in the settling of instructions on the self-defense issue. A procedurally similar situation was presented in the case of Electrical Advertising, Inc. v. Sakato,

94 Ariz. 68, 381 P.2d 755 (1963), wherein our Supreme Court stated:

"When evidence is presented at trial which presents a new or different theory from that alleged in the pleadings, and the adverse party does not object to the introduction thereof, that issue is then tried by implied consent. Beckwith v. Clevenger Realty Co., 89 Ariz. 239, 360 P.2d 596 (1961); Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262 (1952). Failure to formally amend the pleadings will not affect a judgment based upon competent evidence. If an amendment to conform the pleadings to the proof should have been made, an appellate court will presume that it was so made to support the judgment. Comm'r v. Finley, 265 F.2d 885 (10th Cir., 1959); cf. Brooks v. Neer, 46 Ariz. 144, 47 P.2d 452 (1935)." 94 Ariz. at 71, 381 P.2d at 756, 757.

The Supreme Court restated the foregoing interpretation of Rule 15(b) and expanded upon its purpose and intent in the case of In re Estate of McCauley, 101 Ariz. 8, 415 P.2d 431 (1966).

Plaintiff also contends that the trial court erred in not instructing the jury to disregard the issues raised by the counterclaim and the evidence introduced in support thereof. Instructions of this character are cautionary in nature and are given or withheld in the discretion of the trial judge and his judgment will not be disturbed on appeal unless there has been a clear abuse of discretion. Allied Van Lines, Inc. v. Parsons, 80 Ariz. 88, 293 P.2d 430 (1956). Jury instructions are to be considered as a whole, the ultimate test being whether the jury would be misled as to the proper rule of law. Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967). Further, after an issue has been withdrawn, evidence concerning that issue may be left in the case if it is material to other issues remaining to be decided. In this case the issues remained the same after dismissal of the counterclaim except for removal of defendant's claim for damages.

In view of the foregoing we conclude that the issue of self-defense was properly raised in this case by the testimony of the defendant which was presented without objection. Further, we conclude that said issue was not removed by virtue of the dismissal of defendant's counterclaim nor was the jury misled or confused by failure of the court to give cautionary instructions. Accordingly, we hold that the trial court did not commit error by presenting the issue of self-defense to the jury nor was it error not to instruct the jury on the effect of the dismissal of the counterclaim.

Plaintiff next contends that the trial court erred by refusing to instruct the jury in accordance with her requested instructions numbered nine, ten, and twelve. The requested instructions provide as follows:

"PLAINTIFF'S REQUESTED IN-
STRUCTION NO. 9

"You are instructed that the word 'willfully', as used in connection with the alleged assault means intentionally, not accidentally or involuntarily."

"PLAINTIFF'S REQUESTED IN-
STRUCTION NO. 10

"You are instructed that in this case, if you believe that assault and battery was committed, and an injury inflicted, as alleged, in that event, the intent to injure and malice is presumed, and you may so find."

"PLAINTIFF'S REQUESTED IN-
STRUCTION NO. 12

"If you find the issues in favor of the plaintiff it will then be your duty to assess damages. Damages are of two sorts, actual or compensatory and punitive damages. Actual or compensatory damages are those which compensate one for the injury (it is alleged) that she sustained. In arriving at your verdict on that line, if you conclude that the plaintiff is entitled to recovery, you are to take into consideration any pain or

suffering she underwent, and any expense to which she has been put by way of medical attention and the like, taking into account any humiliation and mental pain which plaintiff may have suffered. Those are the elements in the meaning of compensation.

"Now, punitive damages are, as you will readily understand from the wrong (sic) itself, those which punish, punish one for his unlawful act, and are not only intended to punish the wrongdoer, but intended to deter her and others from doing the like thing. It is your province if you determine that the plaintiff is entitled to recover, to determine the amount of money which could compensate her in the element of compensation which I have heretofore detailed to you. If then, you decide that the defendant in this action acted willfully, wantonly, and maliciously, the plaintiff would be entitled to recover plurative (sic) damages, such damages as in your opinion would punish the defendant for her unlawful act and would deter her and others in like circumstances from committing a like act.

"Now, if you determine that the plaintiff is entitled to recover, your verdict will be, we find for the plaintiff for so many dollars actual damages. If you conclude that she is also entitled to recover punitive damages, then you will add so many dollars as punitive damages. You can't give punitive damages unless you find actual damages. You may give actual damages without giving punitive damages as you view the evidence in this case. You will understand, if there are both sorts, actual and punitive damages, you state the amounts separately."

 The instructions requested by plaintiff and refused by the trial court all relate to the issue of punitive damages. We agree with plaintiff that her pleadings properly raised the issue of her entitlement to recover punitive damages. Further, we agree that the case of Reah v. Jupin, 68 Ariz. 335, 206 P.2d 558 (1949), correctly sets forth that in an action for assault and battery malice is an appropriate basis for punitive damages and that malice may be inferred or implied from the nature of the acts complained of and the surrounding circumstances. A review of the transcript of testimony clearly reveals that there was evidence in support of plaintiff's claim for punitive damages. Further, plaintiff correctly contends that the law requires the trial court to give requested instructions to the jury on all phases of the law which may be applicable to the various fact situations developed during the course of the trial. In view of the foregoing we believe that it was error for the trial court to have refused to give plaintiff's requested instructions on the issue of punitive damages; however, the question of whether the error was harmless or reversible bears further inquiry.

Plaintiff and defendant agree it is the law of this jurisdiction that punitive damages will not be awarded when there is no finding of actual damage, whether nominal or substantial. The foregoing principle of law was declared by our Supreme Court in Musgrave v. Southern Pacific Co., 49 Ariz. 512, 68 P.2d 202 (1937), wherein it was stated:

" * * * Under such law, punitive damages are granted only for willful and wanton negligence, and this was apparently recognized by plaintiff, for in his complaint he alleges facts which, if true, would constitute negligence of that type. The trouble is there was not one scintilla of evidence sustaining these allegations of the complaint. The court, therefore, quite properly instructed the jury that under no circumstances could they grant plaintiff punitive or exemplary damages. But even if this were not true, and it was error to give the instruction, we think it would be harmless, unless there was other error in the case which necessitates the setting aside of the verdict and judgment. The jury, by its verdict, found that defendant was not guilty of even ordinary negligence, and certainly if it was not guilty of

ordinary negligence, there could have been none which was willful and wanton." 49 Ariz. at 517, 68 P.2d at 204.

The same proposition was also set forth in Gomez v. Dykes, 89 Ariz. 171, 359 P.2d 760 (1961), and this court in Snethen v. Gomez, 6 Ariz.App. 366, 432 P.2d 914 (1967), Rehearing Denied Nov. 28, 1967, Review Denied Jan. 9, 1968, stated a similar proposition in the following language.

"It was, no doubt, unnecessary to consider the instructions relating to damages and cause as the jury found no liability on the part of the defendants. Where no liability is found, even erroneous instructions on cause and damages are immaterial." 6 Ariz.App. at 370, 432 P.2d at 918.

In view of the foregoing we hold that the trial court did not commit reversible error by refusing to give plaintiff's requested instructions relating to the issue of punitive damages.

█ Finally, plaintiff contends that the verdict is not supported by the evidence. In order to resolve this contention it is necessary to review the record and if there is any substantial evidence from which a reasonable man could have found the ultimate facts to be such as to sustain the verdict, we will affirm the judgment. Haas v. Morrow, 54 Ariz. 455, 97 P.2d 204 (1939).

The defendant testified that the altercation took place in plaintiff's yard a few steps from the curb. She testified that the initial contact was made by plaintiff pushing her, following which she retreated to the street but was grabbed by plaintiff who commenced bending her fingers backward. Plaintiff then struck the defendant when she bent down to retrieve one of her sandals which had come loose. Further, in response to the question of whether she had at any time struck the plaintiff the defendant said, "Only when she hit me in the bosom after she bent my knuckles back. I struck out at her, but I couldn't reach her. And I had put my knee up in self-defense and then I covered my head and face with my hands." The defendant also testified that she made no contact upon the plaintiff but that plaintiff continued pushing her after she stepped into the street. It is true that plaintiff's version of the facts differs greatly from the defendant's; however it is not our province to weigh the credibility of the evidence or to resolve conflicts in the testimony. Haas v. Morrow, supra.

From our review of the evidence we find that the verdict is supported by the evidence, and we so hold.

The judgment of the trial court is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.

NOTE: Judge JAMES DUKE CAMERON was a member of Department A, Division One, of the Court of Appeals at the time this cause was argued. He requested that he be relieved from consideration of this matter. ROGER G. STRAND, Judge of the Superior Court, was called to sit in his stead and participate in the determination of this decision.