JOSE CHAVEZ AND THOMAS HILL, APPELLANTS, *v.* ROBBERSON STEEL COMPANY, A CORPORATION, RESPONDENT.

No. 9410

September 18, 1978          584 P.2d 159

*Dickerson, Miles & Pico,* Las Vegas and *Jack R. Ormes,* Los Angeles, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & Reid,* Las Vegas, for Respondent.

## OPINION

By the Court, Manoukian, J.:

Appellants Jose Chavez and Thomas Hill, plaintiffs below, were injured while employed as ironworkers for a subcontractor constructing a building at the University of Nevada, Las Vegas campus. The cause of the injuries was the collapse of structural steel, allegedly the result of defective welds on beams manufactured and supplied by respondent Robberson Steel Company.

During the course of trial, it became apparent that the lower court perceived this action as sounding in negligence only. After appellants presented their case-in-chief, they moved to amend the complaint to allege strict products liability. Although appellants maintained that their initial pleading sufficiently alleged an action in strict products liability, they moved for leave of court to expressly allege that theory of recovery. Respondent opposed that motion, contending that it would be unfairly prejudiced by so belated an amendment. The district court denied the motion to amend and respondent then presented its proof that the beam was employed for an unintended use, that the weld was designed to support only the beam itself during alignment, and that the appellants had overloaded the weld by adding their own weight to the cantilevered beam.

After the trial court refused to give instructions pertaining to strict products liability, the jury returned a verdict in favor of respondent. Appellants' motion for new trial was denied and they now pursue this appeal.

The main issue is whether the complaint alleged not only a claim for relief for negligence, but as well a claim for relief on the alternative theory of strict liability. If the complaint alleged alternative theories, then the district court erred in refusing to instruct the jury about strict liability.

Liability may attach to a defendant in a products liability case under several disparate theories of recovery: express or implied warranty, negligence, or strict liability in tort. 63 AmJur. 2d, *Products Liability,* §§ 1–4. The instant case revolves around whether the complaint pleaded a cause of action in negligence or strict liability or both.

The complaint in this action alleged only one cause of action for each appellant. The charging paragraphs are set forth below.[1]

Nevada is a notice-pleading jurisdiction and liberally construes pleadings to place into issue matter which is fairly noticed to the adverse party, NRCP 8(a); Taylor v. State Univ., 73 Nev. 151, 311 P.2d 733 (1957). A single count may allege alternative theories of recovery. NRCP 8(e)(2).

We conclude that the allegations set forth a cause of action for both strict products liability and negligence, and that the court's refusal to instruct the jury regarding strict liability was prejudicial error. Barker v. James, 486 P.2d 195 (Ariz.App. 1971).

V.

[1] [D]efendants . . . were engaged in the design, fabrication and the furnishing of certain structural steel members to be used in the construction . . .; further, that said structural steel members were negligently designed and negligently and defectively fabricated.

VI.

That . . . as a direct and proximate result of the negligent design and negligent and defective fabrication of said structural steel members, a portion of the structural steel . . . was caused to collapse . . . proximately causing the injuries and damages . . . .

VII.

That as a direct and proximate result of the negligent and defective fabrication of said structural steel members, plaintiff was injured . . . .

VIII.

That as a direct and proximate result of the neligence of the defendants . . . it was necessary for plaintiff to have and procure competent physicians and surgeons . . . .

IX.

[T]hat by reason of the negligence of the defendants . . . plaintiff has suffered and will continue in the future to suffer loss of income . . . .

Having reached this result, we reverse the judgment of the lower court.

Batjer, C. J., and Mowbray and Thompson, JJ., concur.

Gunderson, J., concurring:
I concur in the result.