704 P.2d 1360

Steve **VERMILLION** and Vivian Vermillion, husband and wife, and Mark Martin, Plaintiffs/Appellants,

v.

**AAA PRO MOVING & STORAGE;**
John Blennert; and Jim Lanham, Defendants/Appellees.

No. 2 CA–CIV 5297.

Court of Appeals of Arizona, Division 2, Department B.

May 3, 1985.

Review Denied Aug. 20, 1985.

Messing, McCrory & Glicksman, P.C. by Elliot Glicksman, Tucson, for plaintiffs/appellants.

Bury, Moeller & Humphrey by David C. Bury, Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

In this case an employee hired at will was discharged allegedly for refusing to participate in his employer's theft scheme. The superior court granted summary judgment in favor of the employer and dismissed the employee's complaint for the reason that the employer could terminate an employee at will for any reason or for no reason at all. We disagree and reverse.

The sole issue is whether an employee terminable at will has a cause of action for wrongful discharge if the reason for discharge violates public policy.

The complaint alleged a scheme by the employer to conceal from a customer items of his property salvaged from a wreck. The employee was ordered to conceal the fact of the theft. The employee notified the customer that his employer had stolen the salvaged property, and he was fired.

The Arizona courts have stated repeatedly that an employer is free to terminate an employee at will for any reason or for no reason at all. *Daniel v. Magma Copper Co.*, 127 Ariz. 320, 620 P.2d 699 (1980); *Larsen v. Motor Supply Co.*, 117 Ariz. 507, 573 P.2d 907 (1978); *Builder's Supply Corporation v. Shipler*, 86 Ariz. 153, 341 P.2d 940 (1959); *Donner Copper Mining Co. v. Doenges*, 40 Ariz. 349, 12 P.2d 288 (1932).

The employee urges us to adopt an exception to the general rule when an employer discharges an employee for a purpose which contravenes public policy. We adopt that exception and rule that to discharge an employee for not concealing a theft by his employer and reporting the theft violates the public policy of the State of Arizona as stated in Arizona Revised Statutes, § 13–1802 making theft a violation of law. This ruling is the logical conclusion drawn from the language of the Arizona appellate courts, in the above-mentioned cases.

The court in *Larsen*, supra, considered the issue of whether any constraints could be placed on the employer's right to terminate at will, stating:

"Some jurisdictions have carved small exceptions to the general rule. In *Peter-*

mann v. International Brotherhood of Teamsters, 174 Cal.App.2d 184, 344 P.2d 25 (1959), a California court held that an employee could not be discharged for refusing to commit perjury before a legislative committee. *The court noted that an employer's right to discharge an employee under a terminable-at-will contract may be limited by statute or by considerations of public policy.* Id. at 188, 344 P.2d at 27 * * * " (Emphasis added). 117 Ariz. at 508, 573 P.2d at 908. The court distinguished the facts at issue from those in the cases representing the limited exceptions to the general rule:

" 'In each of these cases the public policy was evidenced by either a criminal statute or a statute designed to specifically protect the rights of the employee vis-a-vis the employer, ....' " Id., quoting *Becket v. Welton Becket & Associates*, 39 Cal.App.3d 815, 821, 114 Cal. Rptr. 531, 534 (1974).

Although the court in *Larsen* did not find the rationale in those cases applicable to their facts, it did add by footnote the following:

"1. The question could arise, for example, under A.R.S. § 16–897 (absence from employment for voting), A.R.S. § 12–236 (jury duty) or A.R.S. §§ 26–167, 26–168 (national guard duty)." Id.

The *Daniel* court noted the *Larsen* exception to the general rule but concluded:

"Assuming arguendo that Arizona would follow the public policy exception, we do not find this doctrine applicable to the instant case because the constitutional provision relied upon relates only to work-related injuries." 127 Ariz. at 323, 620 P.2d at 702.

Most recently, in *Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984), by footnote the court again stated:

"1. We emphasize that the claim before us is only one for breach of contract, not one in tort. *We expressly reserve com-*ment on wrongful discharge or wrongful demotion tort claims founded on the various exceptions to the employment-at-will doctrine that the courts of other states have adopted. At least three exceptions have been recognized. One is the imposition of liability on an employer who discharges an employee for a purpose which contravenes public policy, *see, e.g., Petermann v. International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 344 P.2d 25 (1959) (discharge for refusal to commit perjury); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978) (discharge for filing workman's compensation claim); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978) (discharge for agreeing to jury duty). * * * " (Emphasis added). Id. at 545–546, 688 P.2d at 171–172.

■ The facts before this court specifically involve a tort claim founded on an exception to the employment-at-will doctrine—where the purpose violates Arizona public policy (A.R.S. § 13–1802) making theft a violation of law, and for that reason, it was a wrongful discharge. Any other conclusion by this court would encourage unlawful conduct by employers and force employees to either consent and participate in a violation of law or risk termination.

The employee also urges us to find that the complaint stated a cause of action for breach of contract. Since we have reversed the trial court on the basis of the employer's liability in tort for wrongful discharge, we need not determine whether the employer's conduct would also support a claim for breach of an implied covenant of good faith. The appeal was based on the pleadings, and there are insufficient facts before us to decide that issue. The trial court can decide that matter in accordance with this opinion, and specifically whether or not the decision of the Arizona Supreme Court in *Fleming v. Pima County*, 141 Ariz. 149, 685 P.2d 1301 (1984), will

support the employee's claim for breach of contract.

REVERSED.

HATHAWAY, P.J., and FERNANDEZ, J., concur.