NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TERRY J. MILLER, et al., *Plaintiffs/Appellees*,

*v.*

SHIRL A. HILL, *Defendant/Appellant.*

No. 1 CA-CV 19-0851
FILED 3-18-2021

Appeal from the Superior Court in Maricopa County
No. CV2015-095148
The Honorable Joshua D. Rogers, Judge
The Honorable David J. Palmer, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, F. Robert Connelly
*Counsel for Plaintiffs/Appellees*

Swenson, Storer, Andrews & Frazelle, P.C., Phoenix
By Lloyd J. Andrews
*Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

¶1          Defendant/Appellant Shirl A. Hill appeals the superior court's order granting Plaintiffs/Appellees motion for new trial following a jury verdict in Hill's favor. For reasons that follow, we affirm the court's order granting a new trial as to damages, but reverse the remainder of the court's order.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Hill, Sona Koltookian[1], and Terry J. Miller and Janet M. Miller (the "Millers") are neighbors who share a common cinderblock wall ("party wall") separating their properties. All three neighbors live in the Ironwood Village neighborhood and their properties are subject to its Covenants, Conditions and Restrictions ("CC&Rs"). According to the CC&Rs, a property owner who damages a party wall is solely responsible for the cost to repair it. However, if a party wall is damaged from something other than a property owner's negligence, willful acts, or omissions, the cost for repair must be split equally between owners who share the party wall.

¶3          In 2015, the Millers sued Hill alleging negligence and breach of contract for a damaged party wall. Hill denied causing the damage, but did not dispute that the wall was damaged or that the CC&Rs governed the dispute. Though not specifically pled in the complaint, at trial the Millers introduced evidence and argued that even if Hill was not responsible for the damage to the party wall, she was, nevertheless, obligated to share equally in repair costs with the Millers pursuant to the CC&Rs. Both Hill and her expert witnesses conceded the obligation.

¶4          Three verdict forms were submitted to the jury, only two of which addressed damages. The jury returned a verdict in Hill's favor, signing the verdict form that did *not* address damages: "We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find

---

[1] Sona Koltookian was dismissed as a party to this action in January 2020.

in favor of Defendant Shirl A. Hill." Thereafter, the court granted Hill's motion for attorneys' fees and costs.

**¶5** The Millers moved for a new trial arguing *inter alia* that the jury verdict was not supported by the evidence and was contrary to law. *See* Ariz. R. Civ. P. 59(a)(1)(H). Following oral argument, the superior court issued an under advisement ruling granting the motion for new trial. The court agreed with the Millers, that Hill was contractually liable to share equally in the costs of whatever repairs to the damaged party wall were necessary. Hill moved for clarification and requested that any order granting a new trial be limited to the issue of damages. In a second under advisement ruling, the court reasoned that where "[t]he only verdict to set aside is that which finds in favor of the Defendant . . . it is clear that if and when the case proceeds . . . no issues have been resolved." The court ordered that the new trial would reopen all claims previously disposed of by the jury.

**¶6** Hill timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(5).

## DISCUSSION

**¶7** Hill argues the superior court abused its discretion by vacating the jury verdict and granting a new trial. Hill argues, in the alternative, that if a new trial is held it should be limited to the issue of damages. The superior court has discretion to grant a new trial if "the verdict, decision, findings of fact, or judgment is not supported by the evidence or is contrary to law." Ariz. R. Civ. P. 59(a)(1)(H). "[W]e apply an abuse of discretion standard when reviewing a trial court's decision to grant a new trial." *McBride v. Kieckhefer Assocs., Inc.*, 228 Ariz. 262, 266, ¶ 16 (App. 2011).

**¶8** Hill asserts the superior court erred in vacating the jury verdict where the Millers never formally pled in their complaint that Hill was liable for only a portion of the damages pursuant to the CC&Rs. Arizona Rule of Civil Procedure ("Rule") 15(b)(2), however, "permits theories of liability to be treated as if raised in the actual pleadings if they are tried by express or implied consent of the parties." *Dietz v. Waller*, 141 Ariz. 107, 112 (1984). Issues tried without objection amount to implied consent, and if no request to amend is made, the case will be treated as though the amendments were made. *Gilliland v. Rodriquez*, 77 Ariz. 163, 167 (1954); *see also Electrical Advertising, Inc. v. Sakato*, 94 Ariz. 68, 71 (1963)

("Failure to formally amend the pleadings will not affect a judgment based upon competent evidence."). Hill never objected to the Millers' presentation of evidence, or argument, regarding her obligation to split repair costs pursuant to the CC&Rs and even conceded such. Additionally, Hill had notice of the issue where it was raised multiple times at trial. *See Electrical Advertising, Inc.* 94 Ariz. at 71 (finding implied consent where the issue was tried without objection by plaintiff); *see also Dietz*, 141 Ariz. at 112 (finding no implied consent when party was given no conceivable notice during pre-trial or trial proceedings of the issue). Because Hill impliedly consented, Hill's obligation to split repair costs was properly raised.

¶9        In its under advisement ruling granting the motion for new trial, the court found:

> [t]he undisputed evidence presented at trial was that, according to the CC&Rs, if no one was at fault for the damage to the party wall at issue in this case, each of the property owners are obligated to share equally in the costs to repair the wall. . . . Thus, as a matter of law, Defendant is at least contractually liable to share equally in the costs of whatever repairs were determined to be necessary.

¶10        And where the jury reached a verdict without finding Hill liable for any damages, the court did not err in concluding that the verdict was unsupported by the evidence and contrary to law.

¶11        On appeal, the Millers argue the jury verdict forms did not match the CC&Rs and did not give the jury the option to hold Hill at least 50 percent liable for the cost to repair the wall. Certainly, the Millers were aware of the verdict forms prior to their submission to the jury; yet the Millers never objected to the jury verdict form. Rule 49(f)(1) provides that "the court may order that an informal or defective verdict be reformed . . . [and] [i]f the verdict is not responsive to the issue submitted to the jury, the court should inform the jury of the issue and require further deliberations." Here, the Millers did not invoke Rule 49(f)(1). And "by not challenging the verdict when rendered, [the Millers] waived [their] objection to any error." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 543, ¶ 39 (App. 2002); *see also Farmers Ins. Co. v. Tallsalt*, 191 Ariz. 177, 180 (App. 1997) (although verdict not responsive, because neither party "asked the trial court to 'call the jurors' attention thereto, and send them back for further deliberation," issue waived on appeal), *vacated on other grounds*, 192 Ariz. 129 (1998). For this reason, the Millers' argument regarding the unresponsive and defective nature of the verdict forms fails.

¶12        Rule 59 requires that:

[a] new trial, if granted, must be limited to the question or questions found to be in error, if separable. If a new trial is ordered solely because the damages are excessive or inadequate and if the issue of damages is separable from all other issues in the action, the verdict may be set aside only on damages, and must stand in all other respects.

Ariz. R. Civ. P. 59(e).

¶13        A new trial can be granted solely on the issue of damages when liability and damages are not inextricably entwined and can be separated without prejudice to the parties. *Martinez v. Schneider Enters., Inc.*, 178 Ariz. 346, 349 (App. 1994); *Englert v. Carondelet Health Network*, 199 Ariz. 21, 27, ¶ 15 (App. 2000). Here, the jury found that Hill was not negligent nor wholly liable for the damage to the party wall. And, the issue of damages is easily separable where the determination of costs and the equal apportionment of those costs between Hill and the Millers is all that is left to decide. Accordingly, we affirm the superior court's order for a new trial but only on the issue of damages. To order otherwise would give the Millers a second bite at the apple on the issues of negligence and breach of contract after a jury has already found in favor of Hill on those claims.

## CONCLUSION

¶14        For the foregoing reasons, we affirm the superior court's order for a new trial, but only on the issue of damages. In all other respects, we vacate the court's order for a new trial and remand for further proceedings consistent with this decision. We deny the Millers' request for attorneys' fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA