**SIMS MOTOR TRANSPORTATION LINES, Inc., and Kenneth E. Pabst, Appellants,**

v.

**Paul E. FOSTER, Appellee.**

Court of Appeals of Kentucky.

May 11, 1956.

Rehearing Denied Sept. 21, 1956.

R. W. Keenon and Stoll, Keenon & Park,
Lexington, Stokes A. Baird, Munfordville,

for appellant Sims Motor Transportation Lines, Inc.

Armer H. Mahan and Davis & Mahan, Louisville, Lawrence Riedinger, Newport, for appellant Kenneth E. Pabst.

Davis Williams, Munfordville, Frank R. Goad, Scottsville, for appellee Paul E. Foster.

WADDILL, Commissioner.

This is an appeal from a judgment entered upon a verdict of $26,390 for appellee, Paul E. Foster. The suit arose out of a collision involving appellee's car and appellants' truck.

Appellants urge numerous grounds for reversal, the first being that the trial court erred in refusing to direct a verdict for defendants, and also in refusing to grant defendants a judgment *notwithstanding the* verdict. It is necessary therefore to review the evidence offered by each party. It is not controverted that there was a collision between an automobile driven by appellee Foster, and a truck driven by appellant, Kenneth E. Pabst, which occurred on Route 31 W just north of Munfordville, in Hart County. Foster testified that he was driving south about six-thirty on the evening of March 10, 1952. It was dark and raining hard. He estimated his speed at 30 m. p. h. He further testified that as he met the truck, he could see only the headlights, and guided his car by watching the right hand edge of the road. Immediately before the collision his car was six inches to a foot from the right hand side of the road. Appellee does not remember the exact instant of impact, and never positively stated that the truck was on the wrong side of the highway.

Appellant, Pabst, testified that as he saw Foster's car approaching he guided his *truck onto the right hand shoulder of the* road in an effort to avoid a collision, but that Foster crossed the center line striking the truck. Appellants introduced Frank Kratzmeyer, also a driver for Sims Motor Transportation Lines, who was driving his truck about three hundred feet ahead of Pabst. Kratzmeyer testified that he witnessed the accident through his rear vision mirror and although it was dark and raining quite hard he could clearly see that Foster had crossed over into his left hand lane.

After the accident both the automobile and truck came to rest off the highway on the west side.

■ This case quite clearly presents a question of fact which must be determined by the jury. While Foster never positively stated that the truck crossed over the center line and struck him, he stated that immediately before the collision he was completely in his own lane. If his testimony be accepted as true, there was only one way the accident could have occurred, and it required no speculation on the part of the jury in determining the cause of the collision. In a case such as this where the sole factual issue involved is which vehicle was on its wrong side of the highway at the time of collision, the plaintiff has made out a case when his evidence shows that his vehicle was on his right hand side of the road. Taylor v. Vaughan, 236 Ky. 102, 32 S.W.2d 724.

■ The ruling of the trial court in refusing to make the Federal Security Administrator a party plaintiff was correct. At the time of this accident Paul Foster was a Sergeant in the regular Army of the United States, and not a federal "employee" within the meaning of 5 U.S.C.A. § 776; also see 5 U.S.C.A. § 790(b).

■ Appellants also assert that the trial court erred in refusing to permit them to file answers to appellee's request for admissions. On July 9, 1953, appellee filed a request for admissions pursuant to CR 36.-01, seeking to establish that Pabst was the agent of Sims Motor Transportation Lines. Appellants did not answer within the ten days specified in the Civil Rules of Procedure, but tendered answers on April 14, 1955, the morning of the trial. Appellants contend that under CR 6.02(2), the trial

court could at its discretion have permitted the answer to be filed. The record before us does not disclose whether or not the motion required by this rule was made. However, in either event, we conclude that the trial court properly refused to allow appellants to file the answers, after such an unreasonable length of time, and the question of agency was therefore admitted. Since agency was admitted appellants cannot complain that evidence was excluded which would tend to show that Pabst was an independent contractor.

■■ Appellants complain that the instructions given placed upon Pabst a duty to keep a lookout and to have his vehicle under control, and that the evidence showed no failure to perform these duties and that therefore these instructions should not have been given. We think that the facts and circumstances of this case warranted these instructions. We also observe that the instructions offered by appellant Pabst placed these duties upon both drivers. However, appellants cannot now be heard to complain of the duties imposed upon the drivers of the vehicles because an objection was not specifically raised on this ground. CR 51.

■■ On the morning of the second day of trial the jury assembled at the court house to be escorted to the scene of the accident. Attorney for Sims Motor Transportation Lines requested that he be permitted to accompany the jury. However, the court refused the request as attorney for appellant Pabst was not present. Appellants now seek a reversal upon the ground that this ruling was erroneous, contending that litigants have a right to be present when jurors are taken to view real property, or the place where a material fact occurred. In a criminal case the accused, counsel for each side and the judge must accompany the jury whenever they are taken to the place where the crime is charged to have been committed, or in which any other material fact occurred. Criminal Code of Pratice, § 236. However, no such requirement exists in civil actions, and whether or not the judge or counsel accompany the jury is within the discretion

of the court. KRS 29.301. No abuse of this discretion is shown in the instant case.

■ Appellants also urge that the verdict of $26,390 is so grossly excessive, as to clearly indicate that it is the result of passion and prejudice on the part of the jury. The amount of $25,000 was awarded Foster for pain and suffering and permanent impairment of his power to earn money. It is only necessary to briefly look at the more serious of this young man's injuries to perceive the reasonableness of the verdict. At the time of the accident Paul Foster was 21 years of age, with a life expectancy of over 48 years. He suffered a fractured femur, which required that a steel pin be driven in the marrow of the bone in order to enable him to walk. This injury has resulted in osteomyelitis which at the time of trial was arrested, but there is the ever-present threat of its recurrence. He also suffered a compound fracture of his jawbone and a fractured collarbone. There were cuts upon his face and around his mouth and tongue. All of these injuries, and others not enumerated, necessarily caused Foster great pain and suffering and pain was still present at the time of trial. Dr. C. G. Follis testified that appellee's disability at the time of trial was forty percent but that this disability would increase with age. We are able to say with no reservation, that a verdict of $25,000 given to a man 21 years of age who has incurred a forty percent permanent disability is not excessive.

■ The sum of $1,390 was awarded Foster for damages to his automobile. The evidence showed that at the time of the accident the fair market value of his automobile was $1,400. The evidence further showed that after the accident the automobile was a total loss, save a spare tire which was salvaged and valued at $10. The damages to appellee's automobile as determined by the jury were clearly supported by the evidence.

Appellants' final complaint goes to alleged improper closing argument of appellee's counsel. We have closely examined the

statements to which the objections were directed, finding that all but one of the objections were sustained and the proper admonition given, and we find nothing prejudicial therein. Cases relied upon by appellants here do not support their position, and we feel that nothing would be gained by a detailed statement of the argument.

Finding no prejudicial error in the record the judgment is affirmed.