Wilbur B. ROSE, Individually, et al.,
Appellants,

v.

Fred RAWLINS, Appellee.

Court of Appeals of Kentucky.

June 22, 1962.

M. C. Redwine, Redwine & Redwine, Winchester, for appellants.

Frank Gilliam, Lexington, Robert L. Milby, London, for appellees.

WILLIAMS, Judge.

The appellee, Fred Rawlins, was injured while working at a sawmill which, allegedly, belonged to appellant, Wilbur B. Rose. On April 1, 1959, appellee sued appellant for damages in the Powell Circuit Court. Appellant employed an attorney who filed answer on April 8. The answer denied all allegations of the complaint except the one which alleged that Rose was operating the sawmill and doing business under the name of Rose Lumber Company. Subsequently, the attorney who was representing appellant died, and thereafter the case was handled by his partner. On October 3, 1959, a request for admissions was served on the appellant and the cause was set down for trial on October 19, 1959. On the latter date the case was continued and an order entered filing the request for admissions in the record, and it was noted in that order that no answer had been made to the request. The case was reassigned for trial to be held on March 16, 1960. On February 19, 1960, appellee filed motion for judgment. The case was called for trial on March 16, 1960, and both parties announced ready. At this time there still had been no answer made to the request for admissions. However, the trial court permitted appellant to file an amended answer by which he denied ownership of the sawmill. The court then sustained the motion for judgment made by appellee in-

sofar as liability was concerned, and the case was submitted to the jury on the question of damages. After the jury returned its verdict the appellant employed another attorney who filed motion for a new trial. That motion was overruled and judgment entered, from which judgment this appeal is now prosecuted.

The appellant contends that he was not advised of the request for admissions and that it was through neglect of the attorney that no answer was ever made. By affidavit he attempts to show that he did not employ the partner and was not represented by him. We find this rather hard to understand in view of the fact that the attorney did participate in the trial and was permitted by the court to file an amended answer for the appellant.

CR 36.01 provides that a party may serve upon another party a written request for admissions which shall be deemed admitted unless, within a period designated in the request, and not less than 10 days, a denial or objection is served upon the party requesting the admissions. In Sims Motor Transportation Lines v. Foster, Ky., 293 S.W.2d 226, a party tendered answers to a request for admissions on the day of the trial, which was after the time had elapsed for serving them upon the party who had made the request. The trial court refused to allow the answers to be filed, and the facts to which the questions pertained were admitted as true. This Court held that the trial court properly refused to allow the answers to be filed. In Naive v. Jones, Ky., 353 S.W.2d 365, the trial court dismissed with prejudice a claim by a party who failed to timely file answers to interrogatories. It was stated therein:

"The Civil Rules prescribe a practical pattern for the conduct of litigation and the effective administration of justice. To this end reasonable compliance is necessary. The proper application and utilization of those Rules should be left largely to the supervision of the trial judge, and we must respect

his exercise of sound judicial discretion in their enforcement."

Here the request for admissions was never answered, although it had been served for approximately five months. The trial judge in his discretion chose to sustain the motion for judgment of appellee on the ground that the request for admissions not having been answered must be taken as true, which left only the question of damages for the jury to determine. In view of the time which had elapsed, and the complete failure to comply with the Civil Rules, it is our opinion that the trial court did not abuse his discretion.

The attorney who prepared this appeal and is the attorney of record for the appellant here, Honorable Marcus C. Redwine, deceased, did not represent the appellant in the trial of the case in the circuit court.

The judgment is affirmed.