SYBIL AUDREY PAGE WARREN, APPELLANT, v. LEWIS BROOKS WARREN, ALSO KNOWN AS LOU DUPONT, RESPONDENT.

No. 9124

June 8, 1978                                    579 P.2d 772

*Taylor Professional Corporation,* Las Vegas, for Appellant.

*James E. Barfield,* Las Vegas, for Respondent.

---

[5]MR. JUSTICE NOEL MANOUKIAN voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. 6, § 4 of the constitution, designated Judge Michael E. Fondi of the First Judicial District, to sit in his stead.

## OPINION

*Per Curiam:*

Sybil Page Warren appeals from a judgment which refused to recognize any marital or partnership rights to respondent's property, by raising twenty issues for consideration. We decline to consider most of appellant's issues because she has failed to cite any relevant authority to support alleged claims of error. *See, e.g.,* Cummings v. Tinkle, 91 Nev. 548, 539 P.2d 1213 (1975).[1] Accordingly, we find the district court made no error by (1) refusing to grant appellant property rights as a meretricious spouse, or implied partner; and (2) granting leave to answer requests for admissions.

Appellant's "Complaint For Divorce Or In The Alternative For Dissolution Of Partnership, And For Declaratory Relief," alleged six causes of action based upon the following theories: constructive trust; resulting trust; property rights as a meretricious, common law, or putative spouse; partnership; joint venture; and contractual or quasi-contractual rights to share with respondent in proceeds acquired by the parties. Testimony at trial revealed the parties met in 1963 in Hong Kong, and became romantically involved. Both were entertainers. By May, 1964, their relationship grew until respondent proposed they work together. The parties traveled extensively throughout the world for the next 8 1/2 years, and lived together without engaging in any formal marriage ceremony.

The record includes often contradictory evidence concerning their financial arragements. Appellant insisted they agreed to pool their resources, and that respondent managed their money—furnishing her with requested expense money.

---

[1] Throughout her brief, appellant repeatedly stated an issue, made citation to the record, and then summarily labeled items as prejudicial error without offering any relevant legal support for her arguments.

Respondent, on the other hand, stated appellant was a salaried employee, and there was no agreement to combine funds. Their relationship eventually deteriorated, until they separated, and appellant commenced this action to recover one-half of respondent's assets.

The district court entered judgment for respondent, making the following relevant findings of fact:

> 1. The parties traveled together for . . . 8 1/2 years, never at any time holding themselves out to be husband and wife. . . .
> 4. [Appellant] was an employee of the [respondent].
> 5. During all the time that the parties worked together, no record was kept by either party of their earnings or expenses.
> 6. [The parties] never entered into any agreement to pool their income received. . . .
> 7. The parties each had their own bank account, each had their separate investments and [appellant] applied monies to her own use. . . .
> 9. The parties never entered into a marriage ceremony.
> 10. [No common law or putative marriage existed].
> . . .
> 12. The evidence did not reflect a joint partnership or a joint venture. . . .

1. Appellant first contends she was entitled to property rights as a meretricious spouse under the doctrine recently announced by the California Supreme Court in Marvin v. Marvin, 557 P.2d 106 (Cal. 1976). In *Marvin* a female plaintiff averred in her complaint that she and actor Lee Marvin (the defendant) "entered into an oral agreement" that while "the parties lived together they would combine their efforts and earnings and would share equally any and all propery accumulated as a result of their efforts whether individual or combined" and further that they agreed to "hold themselves out to the general public as husband and wife" and that "plaintiff would further render her services as a companion, homemaker, housekeeper and cook to . . . defendant." *Ibid.* at 110, 111. the plaintiff lived with the defendant for 5 1/2 years and, she alleged, fulfilled her obligations under the agreement. At the end of that period the defendant compelled her to leave his household but continued to support her for an additional year and a half. Thereafter, he refused to provide further support; she brought suit asking for declaratory relief based upon her contract and property rights, and for constructive trust upon one-half of the property acquired during the relationship. The

trial court granted defendant's motion for judgment on the pleadings and plaintiff appealed.

The California court through Justice Tobriner concluded: (1) the property rights of a meretricious spouse were not governed by community property principles of the California Family Law Act; "(2) [t]he courts should enforce express contracts between nonmarital partners except to the extent that the contract is explicitly founded on the consideration of meretricious sexual services;" and "(3) [i]n the absence of an express contract, the courts should inquire into the conduct of the parties to determine whether that conduct demonstrates an implied contract, agreement of partnership or joint venture, or some other tacit understanding between the parties. The courts may also employ the doctrine of *quantum meruit,* or equitable remedies such as constructive or resulting trusts, when warranted by the facts of the case." *Ibid.* at 110.[2] *See also* Carlson v. Olson, 250 N.W.2d 249 (Minn. 1977).

Here, appellant urges that repondent's numerous expressions of "love" in correspondence throughout their relationship, required the district court to conclude that the parties engaged in an express or implied contract to pool funds, or an implied partnership. Thus, she insists, as a matter of law, that she is entitled to the property rights set forth in *Marvin.* However, as the trier of fact, the district court was the sole judge of the credibility of the witnesses. In view of the conflicting evidence concerning the alleged agreement to pool funds or form a partnership, we decline to interfere with the district court's factual determination. *See, e.g.,* Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950).

2. Appellant additionally contends the trial court erred by segmenting the trial and granting leave to answer requests for admissions once trial commenced.

After one out-of-state witness was heard on the first day of trial, appellant requested a continuance to notify other witnesses. Thereafter, respondent requested, and was granted, leave to answer requests for admissions which had been unanswered due to the prior withdrawal of respondent's attorney.

Under NRCP 36(a) a trial court has discretion to extend the time to answer requests for admissions.[3] Appellant offers no

---

[2]Arguably, the final holding (3) in *Marvin* is dictum, because the parties alleged the existence of an express contract. *See* dissent by Clark, J., *Ibid.* at 123.

[3]NRCP 36(a) provides in pertinent part:

". . . The matter is admitted unless, within 30 days after service of the request, or within such . . . longer time as the court may allow, the party to whom the request is directed serves . . . a written answer or objection. . . ."

authority to show that the district court abused such discretion. Nor does she demonstrate how she was prejudiced by the court's order. *Cf.* Creedon v. Taubman, 8 FRD 268 (N.D.Ohio 1947); Sims Motor Transportation Lines v. Foster, 293 S.W.2d 226 (Ky. 1956). The requests for admissions asked respondent to admit the law of several foreign countries, and the existence of a common law or putative marriage. Respondent served his reply on January 16, 1976, more than one month before trial again commenced to hear the bulk of the testimony. Appellant made no attempt at trial to prove the foreign law of any country, and failed to present sufficient evidence to support her claim of putative or common law marriage. Since she had ample opportunity to prepare and present such evidence after respondent served his reply, we find she was not prejudiced by the court's procedure. *Cf.* Southern Pac. Transp. Co. v. Fitzgerald, 94 Nev. 241, 577 P.2d 1234 (1978).

Affirmed.