BARNEY'S CLUB, a Nevada Corporation, Appellant, *v.* ELIZABETH M. CHARTRAND, Individually and as Trustee of the LOUIS H. CHARTRAND CHARITABLE REMAINDER TRUST, Respondent.

No. 13168

December 30, 1982            655 P.2d 999

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, for Appellant.

*McDonald, Carano, Wilson, Bergin, Bible, Frankovich & Hicks,* and *Valerie N. Strandell,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In this action respondent claimed a right to indemnity for certain income taxes allegedly incurred as a result of an agency relationship with appellant as principal. The district court found appellant liable for reimbursement and indemnity, and granted respondent summary judgment.

On appeal appellant contends summary judgment was

improper because material issues of fact exist as to whether an implied contract of indemnity existed, as to whether an implied duty of indemnification to an agent existed, and as to whether estoppel should preclude denial of indemnification.

It is clear that the district court found appellant liable on the basis of a principal's obligation to indemnify his agent for expenses proximately caused by that agency. Restatement, Agency, Second, § 438(2)(b). It is undisputed that such a principal and agent relationship existed. From the record before us, however, it is not clear whether the tax liability at issue herein was proximately caused by that relationship.

The tax liability was, apparently, imposed on respondent on the basis of a constructive dividend. Liability on such a basis is based upon payment to a shareholder in his or her capacity as such. This liability is generally inconsistent with the typical debtor-creditor relationship which would arise from a principal's obligation to reimburse its agent. 26 USC § 301; Federal Income Taxation of Corporations & Shareholders, Bittker and Eustice, § 7.05 (1979).

Summary judgment is proper only where it is clear what the truth is and there exists no genuine issue as to any material fact. Berge v. Fredericks, 95 Nev. 183, 591 P.2d 246 (1979). Since the question addressed above is material, and is not clearly answered in the record, we conclude that the summary judgment must be reversed.

Reversed and remanded.