VIRGINIA HAY, APPELLANT, *v.* TOM HAY, RESPONDENT.

No. 14201

March 29, 1984                    678 P.2d 672

*Michael L. Melner,* Reno, for Appellant.

*Patrick James Martin,* Reno, for Respondent.

## OPINION

By the Court, MANOUKIAN, C. J.:

This is an appeal from a summary judgment in favor of defendant-respondent Tom Hay. Appellant Virginia Hay brought this action seeking, *inter alia,* a declaration of her interest in property the couple had acquired during their approximately 23 year cohabitation. Respondent moved to dismiss the complaint and, alternatively, for summary judgment. Because it considered matters outside of the pleadings in its rulings, the district court granted summary judgment. NRCP 12(b). The trial court concluded that appellant's complaint had failed to state a cause of action. The summary judgment order was amended to provide that it was made without prejudice.

We are asked to decide whether appellant has stated a claim upon which relief can be granted and, if so, whether material issues remain to be determined with respect to that claim such that summary judgment was improper.

Appellant and respondent were married on July 7, 1949, and divorced on February 27, 1957. Almost immediately after their divorce, they resumed cohabitation and continued to live together until they separated in September of 1981. The couple has three children; none were minors at the time this action was commenced.

On the date of their separation, the parties owned various items of real and personal property. Legal title to the property was held in a number of ways. The parties' residence had been conveyed to them as "Tom and Virginia Hay, Husband and Wife as Joint Tenants." The remainder of the real property was in Tom's name alone and most of the couple's motor vehicles were titled to "Tom or Virginia Hay."

Soon after the couple separated in 1981, appellant brought this action seeking to enjoin respondent from disposing of any of the property. She also sought a declaratory judgment of her

interest in, and an equitable distribution of, the property. Her complaint alleged that during the course of their relationship, she and respondent had been holding themselves out as husband and wife and had "pooled all monies earned by either of them and purchased assets and incurred liabilities as if they were a marital community or a general partnership." The complaint further alleged that there was a conscious intent to identify the property so acquired as that of a marital community. The district court issued a restraining order, but not before respondent had transferred all of the parties' motor vehicles into his name alone.

After exercising his peremptory challenge to the judge who had granted the temporary restraining order, respondent filed a motion to dissolve the restraining order and for judgment on the pleadings or summary judgment. As noted, the court granted summary judgment because it felt that appellant had not stated a cause of action. In order to determine the propriety of the summary judgment, we first must address the question of whether a cause of action was stated by appellant's complaint.

Because Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party. NRCP 8(a); Chavez v. Robberson Steel Co., 94 Nev. 597, 599, 584 P.2d 159, 160 (1978). A complaint must set forth sufficient facts to establish all necessary elements of a claim for relief, Johnson v. Travelers Ins. Co., 89 Nev. 467, 472, 515 P.2d 68, 71 (1973), so that the adverse party has adequate notice of the nature of the claim and relief sought. Branda v. Sanford, 97 Nev. 643, 648, 637 P.2d 1223, 1227 (1981). Predicated on the above authorities, we conclude that the allegations set forth in appellant's complaint sufficiently stated at least one cause of action for breach of the *implied-in-fact* contract to acquire and hold property as if the parties were married or general partners. *See* Smith v. Recrion Corp., 91 Nev. 666, 668, 541 P.2d 663, 664 (1975) (the terms of an express contract are stated in words while those of an implied contract are manifested by conduct).

In Warren v. Warren, 94 Nev. 309, 579 P.2d 772 (1978), we addressed the issue of the property rights of unmarried cohabitants. There, the lower court held that appellant Sybil Warren had failed to prove the existence of an alleged agreement to pool funds or form a partnership with her cohabitant. Although we merely affirmed the lower court's findings, our

opinion implied that her allegations were sufficient to state a cause of action. In *Warren,* we cited language from Marvin v. Marvin, 557 P.2d 106 (Cal. 1976), in which it was held that:

> The courts should enforce express contracts between nonmarital partners except to the extent that the contract is explicitly founded on the consideration of meretricious sexual services . . . In the absence of an express contract, the courts should inquire into the conduct of the parties to determine whether that conduct demonstrates an implied contract, agreement of partnership or joint venture, or some other tacit understanding between the parties. The courts may also employ the doctrine of *quantum meruit,* or equitable remedies such as constructive or resulting trusts, when warranted by the facts of the case.

We agree that the remedies set forth in *Marvin* are available to unmarried cohabitants. Unmarried persons who are living together have the same rights to lawfully contract with each other regarding their property as do other unmarried individuals. Their agreement may be express or implied, as alleged in the instant case, from the conduct of the parties. Although they may not, of course, contract for meretricious sexual services, they may expect that courts will protect their reasonable expectations with respect to transactions concerning property rights. Each case should be assessed on its own merits with consideration given to the purpose, duration and stability of the relationship and the expectations of the parties. *See* Omer v. Omer, 523 P.2d 957, 960-961 (Wash.App. 1974). Where it is alleged, as it was in the instant case, and proven that there was an agreement to acquire and hold property as if the couple was married, the community property laws of the state will apply by analogy.

We hasten to point out that Nevada does not recognize common law marriage. NRS 122.010. We recognize that the state has a strong public policy interest in encouraging legal marriage. We do not, however, believe that policy is well served by allowing one participant in a meretricious relationship to abscond with the bulk of the couple's acquisitions.

Having concluded that appellant has stated a cause of action, we turn to the question of whether summary judgment was proper. It is axiomatic that summary judgment is only appropriate when the pleadings and papers on file show that there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981). "Summary judgment

is only proper where it is clear what the truth is . . .'' Barney's Club v. Chartrand, 98 Nev. 615, 616, 655 P.2d 999, 1000 (1982). Finally, for purposes of review, all evidence in appellant's favor will be accepted as true. Bowyer v. Davidson, 94 Nev. 718, 720, 584 P.2d 686, 687 (1978).

Appellant, by her pleadings and affidavit, has put into issue the ownership of the various items of property acquired by the parties during their lengthy relationship. If appellant's allegations regarding the parties' agreement are accepted as true, a review of the record makes it apparent that this issue has not been resolved by the papers and pleadings on file. Respondent admitted in his affidavit in support of summary judgment that title to the property is held as appellant alleged and that he changed title to the vehicles into his name alone without giving her notice. The fact that he agrees with appellant's allegations as to how title is held, however, does not mean that there is no question of material fact left to determine. Respondent's admissions do not clarify the question at issue in this case since title is not conclusive as to ownership. Because the question of appellant's interest in the subject properties is *the* material issue of fact in this case, and because it remains undetermined, summary judgment was improperly granted.

Accordingly, we reverse the district court's order and remand the case for trial. The district court is directed to permit appellant to amend her complaint on remand to more clearly state her cause of action and expand her prayer for relief. *See* Duke Power Co. v. Greenwood Co., 299 U.S. 259, 268 (1936).

SPRINGER, MOWBRAY, STEFFEN and GUNDERSON, JJ., concur.