HURD THORNTON AND SALLY KRUEGER, Appellants, *v.* AGASSIZ CONSTRUCTION, INC., a Minnesota Corporation, and GARY G. BRIDGEFORD, Respondents.

No. 20809

October 25, 1990          799 P.2d 1106

*Wells, Kravitz, Schnitzer, Sloane & Lindsey,* Las Vegas, for Appellants.

*Marquis, Haney & Aurbach* and *Avece Higbee,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Agassiz Construction ("Agassiz") was the owner of real property located at 2279 Rivercity Drive, Laughlin, Nevada ("lot 10"). On July 1, 1989, Agassiz executed a written contract, through its president, Aaron Stover, to sell lot 10 to Hurd Thornton and/or nominees for $245,000. Agassiz further agreed to finish construction of the house on lot 10 with the equivalent quality and workmanship of the house constructed by Agassiz on lot 20 before the close of escrow. Closing of escrow was contingent upon sale of lot 20 by Agassiz to a third party.

Escrow was to close on or before September 1, 1989. On July 21, 1989, Thornton deposited $10,000 into escrow. More than $50,000 additional dollars were deposited sometime after the initial deposit. Sometime after July 21, 1989, Thornton nominated Sally Krueger as buyer in place and stead. Sally Krueger agreed to this nomination.

The sale of lot 20 closed. At the time of closing, this lot included a patio. Prior to September 1, 1989, appellants, or their agent, inspected lot 10 and advised Agassiz that a patio of equivalent quality and workmanship needed to be constructed on lot 10 in order to fulfill the July 1, 1989, contract. Respondent failed and refused to construct a patio of the equivalent quality and workmanship as constructed on the lot 20 residence.

On September 14, 1989, Agassiz purportedly transferred title to respondent Gary Bridgeford. Appellants allege that this was a sham transfer and that Bridgeford was aware of appellants' contractual rights.

The district court found the pleadings insufficient to state a breach of contract action. The only possible deficiency in appellants' complaint was that it failed to allege that appellants were excused from tendering full performance.[1]

---

[1]Full payment of the purchase price may be deemed a constructive condition concurrent to conveyance of title.

While appellants did not specifically plead excuse, appellants did allege that Agassiz failed to construct lot 10 according to specifications. This fact notified respondents that appellants would plead excuse. *See* Hay v. Hay, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) (courts should liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party).

Respondents contend that NRCP 9(c) requires appellants to specifically plead excuse. No such language is found in the statute. Only a denial of performance need be made specifically and with particularity.[2] Therefore, we conclude that the pleadings were sufficient to state a cause of action.

Having established that the pleadings are sufficient, we now consider whether the district court was entitled to conclude as a matter of law that appellants' breach was unexcused.

Payment of the purchase price is excused where respondent's breach was material. 4 A. Corbin, Corbin on Contracts § 977; *see also* Hinckley v. Pittsburgh Bessemer Steel Co., 121 U.S. 264 (1886). Materiality is generally a question of fact. *See* Converse v. Zinke, 635 P.2d 882 (Colo. 1981). In setting a standard for determining materiality, we note that a vendor/construction contract is a special case.

Nevada case law holds that a purchaser who closes an escrow is held to have waived the right to seek damages for any discrepancies he has knowledge of at the time of closing. Epperson v. Roloff, 102 Nev. 206, 719 P.2d 799 (1986); Freeman v. Soukup, 70 Nev. 198, 265 P.2d 207 (1953). Thus, if the buyer in a vendor/construction contract tendered full payment, buyer could be found to have waived any defects. Such a result demands that a buyer be able to withhold payment when construction has not been completed according to specification.

Therefore, we hold as a matter of law that a buyer in a vendor/construction contract can bring suit prior to tendering the full purchase price whenever the vendor/contractor deviates substantially from the contract specifications.

Accordingly, we reverse the order of dismissal and remand the case to the district court.

---

[2]The statute also requires plaintiff to aver generally that all conditions precedent have been performed or have occurred.