FILED

**NOT FOR PUBLICATION**

APR 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUIE CHANDLER, | No. 12-15992 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00769-LRH-WGC, |
| v. | District of Nevada, Reno |
| NDEX WEST, LLC, ONEWEST BANK, FSB; INDYMAC BANK FSB; STEWART TITLE GUARANTY CO.; LSI TITLE AGENCY, INC.; TICOR TITLE OF NEVADA; STANLEY SILVA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 10, 2014**
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Jacquie Chandler ("Chandler") appeals: (i) the district court's decision denying Chandler's motion to remand the case to state court; (ii) the district court's decision granting Appellees' motions to dismiss several of her state law claims; and (iii) the district court's decision granting summary judgment in favor of Appellee NDeX West, LLC ("NDeX West") on the remaining wrongful foreclosure state law claim. This Court has jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

## I.      The District Court's Denial of Chandler's Motion to Remand

As a threshold matter, we have jurisdiction to consider Chandler's appeal from the district court's denial of her motion to remand even though she failed to identify that decision in the Notice of Appeal. In determining whether an appeal is barred, this Court examines whether (i) Appellees had notice of the issue on appeal and (ii) whether Appellees have had the opportunity to fully brief the issue. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Appellees had notice because Chandler discussed the motion to remand at length in her Opening Brief and Appellees fully briefed the issue in response. Therefore, Appellees have not been prejudiced by Chandler's mistake and we consider her appeal of the district court's decision not to remand the case on the merits.

The district court properly asserted jurisdiction and concluded that Appellees Ticor Title of Nevada ("Ticor") and Stanley Silva ("Silva") were fraudulently joined. Although an action may be removed to federal court only where there is complete diversity of citizenship, the district court ignores the presence of fraudulently joined defendants for the purpose of establishing diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. *Id.* (citations and internal quotation marks omitted). In Nevada, a complaint must set forth sufficient facts to establish all necessary elements of a claim for relief so that the adverse party has adequate notice of the nature of the claim and the relief sought. *Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984) (internal citations omitted). Ticor and Silva were fraudulently joined because Chandler failed to allege the necessary elements of any of the five state law causes of action against them. As such, the district court properly denied Chandler's motion to remand the case to state court. Contrary to Chandler's assertion, the district court was not required to remand the case to state court. *See, e.g.*, *Alliance for Prop. Rights & Fiscal Responsibility v. City of Idaho Falls*, 742 F.3d 1100, 1103 (9th Cir. 2013) (federal courts may interpret state law when state's highest court has not directly addressed the issue).

## II.    The District Court's Dismissal of Chandler's Claims

This Court will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010). While Chandler included the district court's decision dismissing several of her claims under Federal Rule of Civil Procedure 12(b)(6) in her Notice of Appeal, the argument portion of Chandler's opening brief addresses only two issues: (i) whether the district court properly declined to remand the case to state court, and (ii) whether summary judgment in favor of NDeX West on the wrongful foreclosure claim was proper. The district court's dismissal of Chandler's other claims under Federal Rule of Civil Procedure 12(b)(6) was not discussed in her brief. Therefore, Chandler has waived her appeal of the district court's decision dismissing each of her claims with the exception of the wrongful foreclosure claim against NDeX West that survived the motion to dismiss. *See* Fed. R. App. P. 28(a)(8) ("[T]he argument . . . must contain[] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . .").

## III.    The District Court's Decision on Summary Judgment

The district court properly granted summary judgment in favor of NDeX West on Chandler's wrongful foreclosure claim. Summary judgment is proper

when, while viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). We review a grant of summary judgment *de novo*. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

An action for wrongful foreclosure in Nevada requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Chandler conceded that she defaulted on her mortgage payments before the Notice of Default was recorded. There was no evidence that Chandler attempted to remedy the default before the power of sale was exercised. NDeX West asserted that it was acting as a lawful agent for the beneficiary of the Deed of Trust when the Notice of Default was recorded and NDeX West provided evidence in support of that assertion. *See* Nev. Rev. Stat. § 107.080 (2010). Even

when viewing the evidence in the light most favorable to Chandler, there was no genuine issue of material fact sufficient to survive summary judgment. Therefore, we affirm the district court's decision granting summary judgment on this claim.

The judgment of the district court is **AFFIRMED.**