An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN KING,
Appellant,
vs.
MORGAN STANLEY & CO., INC., A
FOREIGN CORPORATION; MORGAN
STANLEY SMITH BARNEY LLC, A
FOREIGN LIMITED-LIABILITY
COMPANY; MORGAN STANLEY & CO.,
LLC, A FOREIGN LIMITED-LIABILITY
COMPANY; MORGAN STANLEY
CAPITAL GROUP, INC., A FOREIGN
CORPORATION; AND TIMOTHY
FRANK MCELROY, AN INDIVIDUAL,
Respondents.

No. 63285

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a tort action. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

The district court dismissed appellant's intentional infliction of emotional distress claim on the basis that appellant failed to properly state a claim. Having reviewed the parties' arguments and appendices, however, we conclude that the district court erred in dismissing appellant's intentional infliction of emotional distress claim under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (stating that this court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations as true and drawing all inferences in the plaintiff's favor); *see Liston v. Las Vegas Metro. Police Dep't*, 111 Nev. 1575, 1578, 908 P.2d 720, 723 (1995) (stating that Nevada's notice pleading standard generally only

15-16394

"requires plaintiffs to set forth the facts which support a legal theory"); *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("Because Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party"). Accordingly, we

ORDER the judgment of the district court dismissing appellant's intentional infliction of emotional distress claim for failure to state a claim REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Douglas W. Herndon, District Judge
      Thomas J. Tanksley, Settlement Judge
      Cohen & Padda, LLP
      Schiff Hardin LLP
      Eighth District Court Clerk

---

[1]Having reviewed respondent's answering brief, we further conclude that respondents have not established that appellant's intentional infliction of emotional distress claim should have otherwise been dismissed based on claim preclusion. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (requiring that the parties or their privies be the same for claim preclusion to apply).