An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFF BUMB; AND TL STAR
PROPERTIES, LLC,
Appellants,
vs.
JULIE YOUNG,
Respondent.

No. 63825

**FILED**

AUG 0 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a decision awarding real property in an action for palimony. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

Appellant Jeff Bumb and respondent Julie Young were never married but they enjoyed a 22-year domestic relationship and financial partnership. During their relationship, Bumb promised Young a permanent home for her and the parties' child. He provided Young with a 40-acre ranch in Wadsworth, Nevada and the parties created appellant TL Star Properties, LLC to hold title to that property. When the parties' relationship ended, Bumb attempted to evict Young from the Wadsworth property and filed an action in the district court requesting the court recognize that he is the sole owner of TL Star and requesting quiet title of the property to TL Star. Young filed a counterclaim requesting the court recognize that she is the sole owner of TL Star and requesting quiet title of

15-23500

the Wadsworth property to herself. She also included causes of action relating to child support and palimony.

The district court severed Young's child support and palimony claims and transferred them to the family court. Thereafter, the district court granted Bumb's request for summary judgment on the remaining claims, but stayed the prove-up hearing relating to the summary judgment until the family court action was resolved. In family court, Young pleaded that her palimony cause of action included claims for breach of an implied or express contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. The family court found in favor of Young on all her claims and awarded her the Wadsworth property. This appeal followed.

On appeal, Bumb contends that the family court erred by expanding this court's community property by analogy doctrine to enable Young to recover the Wadsworth property even though there was no agreement between the parties specifically addressing the Wadsworth property.[1] The community property by analogy doctrine allows unmarried

---

[1]Bumb also argues that the family court could not enter a judgment regarding the Wadsworth property because the family court lacked subject matter jurisdiction to do so and the doctrines of claim preclusion and issue preclusion prevented such a judgment. But the family court had subject matter jurisdiction to enter a judgment regarding the Wadsworth property to the extent that Bumb owned that property, and because the district court had yet to enter a final judgment, we conclude Bumb's arguments in this regard lack merit. NDCR 18(1) (allowing a court to transfer an action to another court); *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (requiring a final judgment in a previous action for claim preclusion or issue preclusion to apply).

parties to agree to acquire and hold property as if the couple is married, and thus, the community property laws of this state will apply by analogy to those agreements.[2] *See Hay v. Hay,* 100 Nev. 196, 199, 678 P.2d 672, 674 (1984); *W. States Constr., Inc. v. Michoff,* 108 Nev. 931, 937-38, 840 P.2d 1220, 1224 (1992). This doctrine is based on the fact that unmarried persons involved in a domestic relationship can lawfully contract with each other regarding property as do other unmarried persons, and courts will respect the parties' reasonable expectations concerning their property rights through either an implied or express contract. *Hay,* 100 Nev. at 199, 678 P.2d at 674.

Bumb and Young could agree that Bumb would provide Young with a permanent home in exchange for Young's companionship, partnership, and business and personal assistance. The record on appeal supports the family court's finding that Bumb and Young entered into an express and implied contract. Such a contract can be enforced under the community property by analogy doctrine even though the agreement does not concern the parties holding property as if they were married. Additionally, because Bumb and Young's agreement did not concern the sale or transfer of a specific piece of property, the statute of frauds does not apply. NRS 111.205 (providing that any sale or transfer of land must be in writing). Thus, the family court properly concluded that an express

---

[2]The community property by analogy doctrine is the same as California's palimony doctrine. *See Hay v. Hay,* 100 Nev. 196, 199, 678 P.2d 672, 674 (1984) (adopting *Marvin v. Marvin,* 557 P.2d 106 (Cal. 1976)).

and implied agreement existed warranting Young's recovery, and we affirm that conclusion. *See Redrock Valley Ranch, LLC v. Washoe Cnty.,* 127 Nev., Adv. Op. 38, 254 P.3d 641, 647-48 (2011) (explaining that this court will review "contract issues de novo, looking to the language of the agreement and the surrounding circumstances"). Additionally, the record on appeal supports the family court's findings that Bumb breached the implied covenant of good faith and fair dealing and that Young established promissory estoppel, and thus, we affirm those findings as well. *A.C. Shaw Constr., Inc. v. Washoe Cnty.* 105 Nev. 913, 914, 784 P.2d 9, 9-10 (1989); *Pink v. Busch,* 100 Nev. 684, 689, 691 P.2d 456, 459-60 (1984).

Nevertheless, because TL Star was not a party to the agreement between Bumb and Young, to the extent that the family court entered a judgment against TL Star, it erred in doing so and lacked subject matter jurisdiction to do so.[3] *See W. States Constr.,* 108 Nev. at 939, 840 P.2d at 1225 (explaining that the court could not enter a judgment against an entity that was not a party to the implied contract); *Ogawa v. Ogawa,* 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) (providing that "[s]ubject matter jurisdiction is a question of law subject to de novo review"). Therefore, we reverse the judgment against TL Star. Accordingly, we

---

[3]Even though it appears that TL Star currently owns the property, we do not reverse the family court's order directing the parties to execute all necessary documents to transfer the property to Young because the record demonstrates that Bumb has been declared the sole member of TL Star and would have the authority to execute the necessary documents to transfer the property to Young.

SUPREME COURT
OF
NEVADA

(O) 1947A

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Frances Doherty, District Judge, Family Court Division
Shawn B. Meador, Settlement Judge
Phillip M. Stone
Paul G. Yohey
Washoe District Court Clerk

---

[4]We deny Young's request for attorney fees under NRAP 38 and her request that this court preclude Bumb from relitigating ownership of the Wadsworth property in the district court.

SUPREME COURT
OF
NEVADA

(O) 1947A