**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIE HARFOUCHE,

          Plaintiff-Appellant,

v.

HAIFA WEHBE; et al.,

          Defendants-Appellees.

No.   16-15688

D.C. No.
2:13-cv-00615-LDG-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: THOMAS, Chief Judge, PAEZ, Circuit Judge, and SAVAGE,[**] District
Judge.

Appellant Elie Harfouche appeals the district court's orders granting Haifa

Wehbe's motion for summary judgment and denying Harfouche's motion for

discovery sanctions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Timothy J. Savage, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

**1.** "We review *de novo* the district judge's decision to grant summary judgment to determine whether there are any genuine issues of material fact and whether the district judge correctly applied the substantive law." *Hazle v. Crofoot*, 727 F.3d 983, 990 (9th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As the parties do not argue otherwise, Nevada principles of contract law govern the performance and interpretation of the contract at issue.

The district court did not err in granting Wehbe's motion for summary judgment on Harfouche's breach of contract claim. The parties' contract required Harfouche to "pay all the charges of the . . . entry visas" and "hand [Wehbe] . . . entry visas" for her concert tour of the United States and Canada. The "Subject" of the valid contract addendum stated that singer Ragheb Alame would accompany Wehbe on tour. Harfouche, however, failed to obtain a United States entry visa for Alame. Harfouche's failure to do so defeated the essential purpose of the contract by preventing Alame from entering the United States to perform with Wehbe, and thus constituted a material breach. *See* 23 Williston on Contracts § 63:3 (4th ed.). The district court properly determined under Nevada law that Harfouche's material breach excused Wehbe's subsequent refusal to perform in the United States. *See*

*Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011); *Thornton v. Agassiz Const., Inc.*, 799 P.2d 1106, 1108 (Nev. 1990) (per curiam).

**2.** As the party moving for discovery sanctions, Harfouche "had the burden of establishing spoliation by demonstrating that [Wehbe] destroyed documents and had some notice that the documents were potentially relevant to the litigation before they were destroyed." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015) (internal quotation marks omitted). "We review a district court's denial of a motion for sanctions based on spoliation of evidence for abuse of discretion," *id.* at 759, and we review underlying factual findings for clear error, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Harfouche argues that Wehbe despoiled evidence when her assistant deleted documents in her possession after the failed United States concert tour but prior to litigation. Harfouche, however, has not demonstrated that Wehbe's assistant destroyed any documents relevant to the instant litigation. Furthermore, there is no evidence that Wehbe was on notice of litigation when her assistant deleted the documents in her possession. Because Harfouche has not carried his burden of establishing spoliation, the district court did not abuse its discretion in declining to impose discovery sanctions.

AFFIRMED.