# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM S. ACOR, AN INDIVIDUAL AND RESIDENT OF NEVADA, Appellant, vs. ROGER W. BULLOCH, AN INDIVIDUAL AND RESIDENT OF NEVADA; AND KENNETH M. PRESSBERG, AN INDIVIDUAL AND RESIDENT OF CALIFORNIA, Respondents. | No. 80946 **FILED** OCT 28 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |
| WILLIAM S. ACOR, AN INDIVIDUAL AND RESIDENT OF NEVADA, Appellant, vs. ROGER W. BULLOCH, AN INDIVIDUAL AND RESIDENT OF NEVADA; AND KENNETH M. PRESSBERG, AN INDIVIDUAL AND RESIDENT OF CALIFORNIA, Respondents. | No. 80947 |
| WILLIAM S. ACOR, AN INDIVIDUAL AND RESIDENT OF NEVADA, Appellant, vs. ROGER W. BULLOCH, AN INDIVIDUAL AND RESIDENT OF NEVADA; AND KENNETH M. PRESSBERG, AN INDIVIDUAL AND RESIDENT OF CALIFORNIA, Respondents. | No. 80948 |

21-31033

## ORDER OF REVERSAL

These are consolidated appeals from a district court judgment and postjudgment orders awarding attorney fees, costs, and interest. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant William Acor and respondents Roger Bulloch and Kenneth Pressberg, among other nonparties, executed personal guarantees on loans to purchase aircraft. When they defaulted, Wells Fargo Bank Northwest, National Association, executed on the personal guarantees and obtained a judgment for $1.4 million. Acor, Bulloch, Pressberg, and other nonparties signed a confidential settlement agreement with Wells Fargo to settle the judgment. The parties breached the settlement agreement, and Wells Fargo collected funds and assets from Bulloch and Pressberg. Bulloch and Pressberg sued Acor and other nonparties for, among other claims, indemnification and breach of fiduciary duties.

The district court held a three-day bench trial. Despite pleading indemnification in their complaint, Bulloch and Pressberg argued at trial under a theory of contribution. When Acor objected that Bulloch and Pressberg never pleaded contribution, the district court responded that contribution is "the same thing as indemnification," and that "two causes of action" for indemnification were, in fact, pleaded. On the indemnification claim, the district court found that Bulloch and Pressberg paid a disproportionate amount. Thus, the court required Acor "to pay his proportional share" of $230,633.55 to equalize the amounts that Bulloch and Pressberg paid to Wells Fargo. The district court further found that Acor breached the settlement agreement and induced his other partners to sign it. The district court awarded Bulloch and Pressberg $263,599.28 in attorney fees for the breach. Acor appeals, arguing that the district court

SUPREME COURT
OF
NEVADA

(O) 1947A

erred by finding liability under indemnity when the proper action—contribution—was never pleaded, and the court abused its discretion by awarding attorney fees without a basis to do so. We agree.

The district court's conclusion that causes of action for contribution and indemnification are the same is a question of law we review de novo. *See Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003) ("A district court's conclusions of law are reviewed de novo."). Contrary to the district court's determination, contribution and indemnity are distinguishable. *See Medallion Dev., Inc. v. Converse Consultants*, 113 Nev. 27, 32, 930 P.2d 115, 119 (1997) (stating that "there is a clear distinction between contribution and indemnity: the former is an equitable sharing of liability while the latter is a complete shifting of liability to the party primarily responsible"), *superseded on other grounds by statute as stated in The Doctors Co. v. Vincent*, 120 Nev. 644, 654, 98 P.3d 681, 688 (2004).

Our distinction reflects the reality that contribution and indemnity have distinct definitions. Contribution is "the '[r]ight of one who has discharged a common liability to recover of another also liable, the aliquot portion which he ought to pay or bear.'" *Id.* (alteration in original) (quoting *Contribution, Black's Law Dictionary* (6th ed. 1990)). Indemnity is "[r]eimbursement [or] [a]n undertaking whereby one agrees to indemnify another upon the occurrence of an anticipated loss. A contractual or equitable right under which the entire loss is shifted from a tortfeasor who is only technically or passively at fault to another who is primarily or actively responsible." *Id.* (alterations in original) (internal quotation marks omitted); *see also Reid v. Royal Ins. Co.*, 80 Nev. 137, 141, 390 P.2d 45, 47 (1964) ("The application of indemnity (when proper) shifts the burden of the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

entire loss from the defendant tort-feasor to another who should bear it instead."). Further, "equitable indemnity is not applicable where the tortfeasors were *in pari delicto, i.e.*, equally responsible for the loss." *Medallion*, 113 Nev. at 33, 930 P.2d at 119.

There is no evidence in the record, and neither party argues, that Acor was primarily responsible to Wells Fargo for the loans. Rather, the evidence demonstrates that Bulloch, Pressberg, and Acor were equally liable for 40 percent of the Wells Fargo judgment. Bulloch and Pressberg argued in the district court and on appeal that because they paid Wells Fargo, Acor must equally split that amount. This is the very definition of contribution we recognized in *Medallion*. And, arguing on appeal that their claim was for contribution, Bulloch and Pressberg repeat the district court's incorrect determination that contribution and indemnity can be used interchangeably. *See Medallion*, 113 Nev. at 32, 930 P.2d at 119. Because Bulloch and Pressberg did not bring a cause of action for contribution, we conclude that the district court erred in attributing liability to Acor under a contribution theory that was never pleaded. *See Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("A complaint must set forth sufficient facts to establish all necessary elements of a claim for relief . . . so that the adverse party has adequate notice of the nature of the claim and relief sought." (citation omitted)). Accordingly, we reverse that portion of the district court's order awarding $230,633.55 to Bulloch and Pressberg on their indemnification claim.

The district court separately awarded attorney fees because it found that "Acor breached the [parties'] Settlement Agreement." The district court reasoned that attorney fees were appropriate because the

settlement agreement included a provision that allowed for attorney fees and costs to the prevailing party when that agreement was breached.

This court reviews a district court's "award of attorney fees for an abuse of discretion." *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015). However, "[i]t is settled that attorney[ ] fees are not recoverable absent a statute, rule or contractual provision to the contrary." *Rowland v. Lepire*, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983).

Although the parties' confidential settlement agreement included a provision allowing for reasonable attorney fees to a prevailing party who "exercises any right or remedy relating to a breach" of the agreement, Bulloch and Pressberg did not "exercise any right or remedy" under the agreement, as they did not bring a claim for breach of the settlement agreement. In fact, they never mentioned the settlement agreement in their complaint, and the district court did not cite to any other authority supporting the award. Thus, we conclude that the district court abused its discretion in awarding attorney fees because there was no basis to do so.

Accordingly, for the reasons set forth above, we

ORDER that portion of the district court's judgment awarding $230,633.55 to Bulloch and Pressberg on their indemnification claim and the district court's postjudgment orders awarding attorney fees REVERSED.[1]

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Nancy L. Allf, District Judge
Thomas J. Tanksley, Settlement Judge
The Law Offices of Timothy Elson
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Wright Law LLC
Eighth District Court Clerk

---

[1]Cause appearing, the parties' joint motion for judicial notice is granted. *Mack v. Estate of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009) (stating that this court "may take judicial notice of facts that are '[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute'" (quoting NRS 47.130(2)(b))). This court will take judicial notice of exhibits 1, 3, and 4 attached to the joint motion filed on November 12, 2020.